[Civ. No. 68519. Second Dist., Div. Five. June 20, 1983.]

EDWARD W. BARROWS et al., Plaintiffs and Appellants, v.
AMERICAN MOTORS CORPORATION et al.,
Defendants and Respondents.

**COUNSEL**

Frederick R. Duda and Frederick N. Harris for Plaintiffs and Appellants.

Popelka, Allard, McCowan & Jones, Donald D. Howard and Gregg L. Kays for Defendants and Respondents.

## OPINION

ASHBY, J.—In this action for wrongful death, plaintiffs Edward and Josephine Barrows appeal from a judgment (order of dismissal) in favor of defendants following the sustaining of a demurrer, without leave to amend, to plaintiffs' first amended complaint. Plaintiffs are the parents and surviving heirs of the decedent, David Barrows, who was killed on November 5, 1978, while riding as a passenger in a jeep vehicle which overturned while being driven on an off-highway hill climb.

On January 16, 1979, plaintiffs filed a complaint for wrongful death against Terry Lee Boyer, the driver of the vehicle, and Does I through X. The complaint contained standard allegations against defendants then unknown, sued by fictitious name pursuant to Code of Civil Procedure section 474.[1]

After settling with the named defendant Boyer, plaintiffs filed a first amended complaint on October 27, 1980, against respondents American Motors Corporation, Jeep Corporation, and American Motors Sales Corporation, and Does 1 through 100. Alleging that American Motors Corporation and Jeep Corporation designed and manufactured the vehicle and that American Motors Sales Corporation distributed the vehicle, plaintiffs stated various causes of action for negligence, breach of express and implied warranty, and strict product liability. They alleged that the vehicle was defectively designed and manufactured, had a propensity to roll over, had an inadequate passenger restraint system and a defective roll bar, and was not fit, when sold without proper warning, for its advertised purpose of off-highway four-wheel-drive hill climbing.

On December 4, 1980, respondents demurred to the first amended complaint on the ground that the claim was barred by the one-year statute of limitations (Code Civ. Proc., § 340, subd. (3)) because the amended complaint nowhere alleged that respondents are the Doe defendants fictitiously named and sued in the original complaint.

---

[1]Code of Civil Procedure section 474 provides in pertinent part: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly; . . ."

The complaint alleged plaintiffs did not know the true names or capacities of the defendants sued as Does I through X, alleged on information and belief that each of the defendants designated as a Doe was negligently responsible and/or strictly liable in some manner for the injuries and damages involved, and that all defendants were agents of the other defendants, and prayed leave that when the true names and capacities were ascertained they may be inserted. (See 2 Cal. Practice (rev. ed., 1983 pocket supp.) § 12.8, p. 23.)

On December 30, 1980, plaintiffs responded by filing a motion for leave to amend the first amended complaint, by adding an allegation that respondents are the parties previously sued as Does I through X in the original complaint. Plaintiffs' counsel submitted his declaration stating that the omission of a specific reference to the Doe allegations of the original complaint was an inadvertent oversight on his part.

Prior to the hearing on the demurrer and the motion for leave to amend, respondents submitted a declaration and exhibit and further points and authorities, in opposition to the motion to amend, raising new objections. Respondents sought to show that at least by November 10, 1979, plaintiff Edward Barrows had actual knowledge of the identity of defendant American Motors Corporation and of the facts supporting plaintiffs' theory of liability. Respondents contended that plaintiffs should therefore be barred from invoking Code of Civil Procedure section 474 because the delay between acquisition of such knowledge and the filing of the first amended complaint and motion for leave to amend was unreasonable. The offered proof consisted solely of a questionnaire[2] completed by Edward Barrows on November 10, 1979, for the National Highway Traffic Safety Administration of the United States Department of Transportation. In that questionnaire, Edward Barrows expressed his opinion that the jeep was top heavy with too narrow and short a wheel base, and was equipped with a defectively designed and manufactured roll bar and an inadequate passenger restraint system. He stated, "I believe it is a disgrace for the American Motors Corporation to be allowed to promote this vehicle for off road use in its present form."

Plaintiffs filed responsive points and authorities urging that amendment was proper, that respondents' declaration could not be considered because it went outside the pleadings, and that the questionnaire was irrelevant because plaintiffs were ignorant of the relevant facts when the original complaint was filed.

The trial court denied plaintiffs' motion for leave to amend, sustained the demurrer without leave to amend, and rendered judgment for respondents.

■■ ■■ ■■■■ We conclude the trial court erred in sustaining the demurrer without leave to amend and denying the motion for leave to amend

---

[2] The declaration of respondents' attorney merely asserted that the exhibit was a true and correct copy of the questionnaire.

to name respondents as the defendants sued by fictitious name in the original complaint.[3]

The purpose of Code of Civil Procedure section 474 is to enable a plaintiff who is ignorant of the identity of the defendant to file his complaint before his claim is barred by the statute of limitations. There is a strong policy in favor of litigating cases on their merits, and the California courts have been very liberal in permitting the amendment of pleadings to bring in a defendant previously sued by fictitious name. (*Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 600, 602, 603 [15 Cal.Rptr. 817, 364 P.2d 681]. See generally Hogan, *California's Unique Doe Defendant Practice: A Fiction Stranger Than Truth* (1977) 30 Stan.L.Rev. 51.) So long as the amended pleading relates to the same general set of facts as the original complaint, a defendant sued by fictitious name and later brought in by amendment substituting his true name is considered a party to the action from its commencement for purposes of the statute of limitations. (*Austin* v. *Massachusetts Bonding & Insurance Co.*, supra, 56 Cal.2d 596.) Case law makes clear that where, as here, the standard Doe allegations are contained in the original complaint against the driver of a vehicle, it is proper to amend the complaint to bring in other defendants on warranty and product liability theories; since the amendment involves the same accident and injury, the amendment relates back to satisfy the statute of limitations. (*Garrett* v. *Crown Coach Corp.* (1968) 259 Cal.App.2d 647 [66 Cal.Rptr. 590]; *Smeltzley* v. *Nicholson Mfg. Co.* (1977) 18 Cal.3d 932 [136 Cal.Rptr. 269, 559 P.2d 624, 85 A.L.R.3d 121].)

Respondents argue, however, that the National Highway Safety Transportation Board questionnaire shows that plaintiff Edward Barrows had actual knowledge of the identity and involvement of American Motors Corporation on November 10, 1979, and that therefore amendment should be denied because plaintiffs unreasonably delayed by not filing the first amended complaint until October 27, 1980, and the motion for leave to file

---

[3]The first amended complaint also attempted to add the estate of David Barrow as a plaintiff. In supplemental points and authorities respondents urged to the trial court that the estate could not be added as a plaintiff. To the extent the trial court's order adopts respondents' position on this point, it is correct. We held in *Dominguez* v. *City of Alhambra* (1981) 118 Cal.App.3d 237, 243 [173 Cal.Rptr. 345], that the survival, under Probate Code section 573, of the cause of action the decedent could have maintained in his lifetime is wholly distinct from the heirs' cause of action for wrongful death under Code of Civil Procedure section 377, and that an untimely amendment stating the estate's cause of action cannot relate back, for purposes of the statute of limitations, to the timely filing of the original complaint for wrongful death by the heirs. The appellants' opening brief does not mention the estate nor raise any issue as to this ruling, and does not name the estate in its caption. We assume the point has been abandoned and that, in light of this footnote, the estate will not be considered a party in future trial court proceedings.

amendment until December 30, 1980. Before analyzing respondents' showing, however, we comment on three preliminary issues.

First, respondents repeatedly characterize plaintiffs' delay after November 10, 1979, as "more than one year" and treat this as a "statute of limitations" case, considering the one-year statute of limitations to have commenced running as to respondents on the date of the questionnaire. This characterization is not correct. The first amended complaint, which specifically identified respondents and gave them notice of suit, was filed on October 27, 1980, *less* than one year from the date of the questionnaire. Although the first amended complaint was defective because counsel inadvertently omitted an allegation that respondents are the defendants previously sued by fictitious name in the original complaint, the defect was easily curable and, if this were a "statute of limitations" problem, the filing of the first amended complaint would be deemed the date of commencement. (See 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 1035, p. 2614; Code Civ. Proc., § 350; *Wiener* v. *Superior Court* (1976) 58 Cal.App.3d 525, 530 [130 Cal.Rptr. 61].) Thus the issue concerning the postquestionnaire delay is not a statute of limitations problem but one of unreasonable delay, or as respondents elsewhere phrase it, laches.

Second, although plaintiffs contend that their subsequently acquired knowledge is irrelevant so long as plaintiffs were unaware of the identity of Doe defendants at the time of filing the original complaint, substantial authority supports respondents' argument that unreasonable delay in filing an amendment after actually acquiring such knowledge can bar a plaintiff's resort to the fictitious name procedure. In *Barnes* v. *Wilson* (1974) 40 Cal.App.3d 199, 206 [114 Cal.Rptr. 839], plaintiffs filed amendments pursuant to section 474 approximately six months after a change in the law gave plaintiffs a cause of action. The court upheld the amendment and commented, "[P]laintiffs cannot be said to have slept on their rights." In *Smeltzley* v. *Nicholson Mfg Co.*, *supra*, 18 Cal.3d at page 939, the defendant cited *Barnes* and "insinuate[d]" that plaintiff had slept on his rights. Noting that the case arose on demurrer, the Supreme Court commented, "Nothing in the pleadings suggests that plaintiff, after learning of his cause of action against defendant, was dilatory in amending his complaint, or that defendants suffered prejudice from any such delay." (Fn. omitted. See also *Mishalow* v. *Horwald* (1964) 231 Cal.App.2d 517, 524 [41 Cal.Rptr. 895] [trial court erred in denying amendment; plaintiff invoked § 474 "immediately" after learning facts implicating defendant]; *Randall* v. *Beber* (1951) 107 Cal.App.2d 692, 708-709 [237 P.2d 994] [trial court properly denied amendment, which was not sought until last day of trial]; Hogan, *supra*, 30 Stan.L.Rev. at p. 87.)

Third, there is a question whether respondents used a proper procedural vehicle to present their evidence that plaintiff Edward Barrows had acquired the relevant knowledge. Plaintiffs contend that consideration of the declaration and exhibit was improper because on demurrer the court is limited to facts shown on the face of the complaint. (*Smeltzley* v. *Nicholson Mfg. Co., supra,* 18 Cal.3d at p. 939.) Respondents reply that technically they did not offer the declaration and exhibit in support of their demurrer to the first amended complaint, but rather in opposition to plaintiffs' motion for leave to further amend. This argument is not persuasive, because the evidence offered by respondents did not address the easily curable defect of pleading in the first amended complaint. Rather, respondents contended that unreasonable delay by plaintiff, assertedly proved by evidence outside the pleadings, should bar the action. In effect, though not in form, respondents were moving for summary judgment on grounds of delay, and respondents' showing should be treated as such a motion. (*Pianka* v. *State of California* (1956) 46 Cal.2d 208, 210-212 [293 P.2d 458]; *Vesely* v. *Sager* (1971) 5 Cal.3d 153, 167-170 [95 Cal.Rptr. 623, 486 P.2d 151]; *Lerner* v. *Ehrlich* (1963) 222 Cal.App.2d 168, 171-172 [35 Cal.Rptr. 106]; *Callahan* v. *Chatsworth Park, Inc.* (1962) 204 Cal.App.2d 597, 599 [22 Cal.Rptr. 606]; *Fidelity & Dep. Co.* v. *Claude Fisher Co.* (1958) 161 Cal.App.2d 431, 434-435 [327 P.2d 78].)

Considering the declaration and exhibit on their merits, we find respondents did not show that plaintiffs should be barred from amending under section 474 on grounds of unreasonable delay in filing the amendment. First, under *Smeltzley* v. *Nicholson Mfg. Co., supra,* 18 Cal.3d at page 939, respondents must show not only that the plaintiff was dilatory but also "that defendant suffered prejudice from any such delay." Respondents' motion in this case made no showing whatsoever of any specific prejudice to respondents from the delay between the filing of the questionnaire with the National Highway Safety Transportation Board and the filing of the amended complaint naming respondents as defendants. The only prejudice even mentioned by respondents, in supporting points and authorities, is the prejudice generally presumed from the policy of the statute of limitations. In order to prevail on the kind of motion involved here, however, a defendant must show specific prejudice. (See Hogan, *supra,* 30 Stan.L.Rev. at p. 118 ["substantial and demonstrable prejudice by loss of evidence during the post-limitations period"].) Under California's Doe defendant practice, a new defendant may be added by amendment long after the original statute of limitations has expired, because the amendment is deemed to relate back to the filing of the original complaint. This is a statutory right of the plaintiff which has been considered by the courts not to be unfair to the defendant, even though as a practical matter it drastically extends the statute of limitations as to such defendant. (*Austin* v. *Massachusetts Bonding & Insurance*

*Co., supra,* 56 Cal.2d at p. 602; *Irving* v. *Carpentier* (1886) 70 Cal. 23, 26 [11 P. 391]; *Munoz* v. *Purdy* (1979) 91 Cal.App.3d 942, 946-947 [154 Cal.Rptr. 472].) Thus in establishing the prejudice required by *Smeltzley,* a defendant cannot rely simply on the general policy of the applicable statute of limitations. Respondents here made no showing at all of any specific prejudice.

■■ ■■ ■ Second, the questionnaire does not establish that plaintiff Edward Barrows had actual knowledge[4] of the identity of all the defendants or the facts showing their involvement in the injuries to decedent. The only mention of any specific defendant in the questionnaire is "I believe it is a disgrace for the *American Motors Corporation* to be allowed to *promote* this vehicle for offroad use in its present form." (Italics added.) This does not show that Edward Barrows knew at that time who designed, manufactured or distributed the vehicle. (*Garrett* v. *Crown Coach Corp., supra,* 259 Cal.App.2d at p. 650. See also *Bell* v. *Industrial Vangas, Inc.* (1981) 30 Cal.3d 268, 271, fn. 1 [179 Cal.Rptr. 30, 637 P.2d 266].) There is no mention whatsoever in the questionnaire of Jeep Corporation or American Motors Sales. There is no showing that Edward Barrows had awareness of the various corporate identities and the interrelationships of the corporations in the total marketing scheme. Use of Code of Civil Procedure section 474 in such circumstances is appropriate and well within the purposes of the statute.

Finally, the questionnaire is signed only by Edward Barrows, and respondents made no showing why plaintiff Josephine Barrows would be barred by information in the hands of Edward Barrows.

---

[4]In determining the propriety of a plaintiff's Doe allegations in the original complaint, the courts look only to the plaintiff's actual knowledge at that time. The plaintiff is not charged with knowledge of the defendant's true identity which could have been acquired by reasonable diligence. (*Munoz* v. *Purdy, supra,* 91 Cal.App.3d at p. 947; *Irving* v. *Carpentier, supra,* 70 Cal. at p. 26; *Mishalow* v. *Horwald, supra,* 231 Cal.App.2d at pp. 523-524.) The same standard appears to apply to developments after the filing of the original complaint under *Smeltzley* (18 Cal.3d at p. 939 ["after learning of his cause of action against defendant"]) and section 474 ("when his true name is discovered"). That is, in amending under section 474, the allegedly unreasonable delay is measured against the plaintiff's actual knowledge, as distinguished from what could have been discovered with reasonable diligence. However, the plaintiff's lack of diligence in investigating the identity of potential defendants would be *one* factor to consider if the delay were more than two years after filing of the complaint and the defendant moved to dismiss under Code of Civil Procedure section 583, subdivision (a). (*Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714, 722-723 & fn. 7 [170 Cal.Rptr. 790, 621 P.2d 829]; Cal. Rules of Court, rule 203.5(e).) If the delay were more than three years from filing of the complaint, the plaintiff would face mandatory dismissal under Code of Civil Procedure section 581a unless he showed he could not have discovered the identity of the defendant despite having exercised reasonable diligence. (*Id.,* at pp. 722-724.)

Thus the trial court erred in sustaining the demurrer without leave to amend and in dismissing the action.

The judgment is reversed.

Feinerman, P. J., and Stephens, J., concurred.