[No. A019082. Sixth Dist. Feb. 19, 1985.]

FRANK STREICHER, Plaintiff and Appellant, v.
TOMMY'S ELECTRIC COMPANY et al., Defendants and Respondents.

COUNSEL

Roger K. Vehrs and Jeff Wall for Plaintiff and Appellant.

Ralph W. Robinson, Louis H. Castoria, Kay Kingsley and Wilson, Elser, Edelman & Dicker for Defendants and Respondents.

OPINION

**PANELLI, P. J.**—Plaintiff appeals from a judgment of dismissal entered after defendants' demurrer to an amended complaint was sustained without leave to amend on the ground the statute of limitations barred the action. We reverse.

*Facts*

On October 4, 1979, plaintiff Frank Streicher filed a complaint for personal injuries sustained on July 16, 1979, at a construction site when certain radio-controlled overhead garage doors opened causing him to fall from the scaffolding upon which he was working. The complaint named as defendants Shippers Development Company (general contractor), Salinas Steel Builders, Inc. (subcontractor), Jack's Overhead Door Company, Inc. and John Hendrix (independent contractors and installers of the electronic doors), as well as four fictitious business entities (Black, White, Blue, and Grey Companies), three fictitious individuals comprising Grey Company as a partner-

ship (Does One, Two, and Three), and ninety-seven additional fictitious defendants (Does Four through One Hundred).

The first paragraph of the complaint alleged that the true names and capacities of the fictitious defendants were unknown to plaintiff, but stated that when these were ascertained plaintiff would move to amend the complaint accordingly. Paragraph six alleged a cause of action for negligence, charging that defendants owned, possessed and controlled the construction site, that they had provided an unsafe workplace through their failure, among other things, to "supervise and control the installation and operation of radio-controlled overhead garage doors" on the worksite, and that such negligence resulted in plaintiff's injuries.

On May 18, 1982, two years and ten months after the accident, and after settlement was obtained with the named defendants, Streicher filed a first amended complaint against respondents Tommy's Electric Company and Shima American Corporation and Does Four through One Hundred. It alleged respondents designed, manufactured, marketed and sold the radio-controlled overhead door openers involved in the accident and that these openers had been defectively designed and would malfunction without human intervention. The amended complaint stated causes of action for negligence, breach of express and implied warranty, and strict products liability.[1]

On June 17, 1982, respondents demurred to the first amended complaint on the ground that the claim was barred by the one year statute of limitations (Code Civ. Proc., § 340, subd. (3)). Respondents also moved the court to judicially notice, pursuant to Evidence Code sections 452 and 453, all the pleadings and records in its file on this case including a cross-complaint filed by Jack's Overhead Doors (one of the named defendants) and a complaint in intervention filed by Industrial Indemnity Co. (plaintiff's employer's workers' compensation carrier), both filed in February of 1980, which included respondents among the named defendants and alleged causes of action for indemnity based on a products liability theory.

Respondents argued in their moving papers that since plaintiff's amended complaint did not substitute respondents for any of the fictitiously named

---

[1]On April 29, 1982, prior to the filing of his amended complaint, Streicher served upon Shima American Corporation (Shima) a summons and a copy of the original complaint. The proof of service indicated Shima had been served as fictitious defendant "Doe Five," but the summons accompanying the complaint did not so indicate. On May 17, 1982 plaintiff and respondents stipulated to plaintiff's filing of the amended complaint, but the stipulation also indicated it did not constitute a waiver by respondents "to answer or otherwise plead" to the amended complaint.

defendants in his original complaint, the amended complaint was in fact adding new defendants to the action and that this was not permissible after the running of the one-year statute of limitations. Respondents further argued that even if plaintiff's defective substitution of fictitious defendants was cured, the provisions of Code of Civil Procedure section 474,[2] allowing the amendment to relate back to the filing of the original complaint, did not apply because in February of 1980 plaintiff had notice of respondents' identity through the filing of the cross-complaint and intervention pleadings, yet he had nevertheless failed to exercise due diligence in amending his complaint before the expiration of the statute of limitations in July 1980.

Streicher opposed respondents' demurrer and moved for leave to amend his complaint in order to properly substitute respondents for specifically named fictitious defendants, arguing his failure to do so constituted a procedural error which could be easily cured. Streicher also argued the benefits afforded by section 474 should apply because he was not aware of any facts constituting the basis for a products liability cause of action against respondents until March 30, 1982, when an electronics expert indicated that the electronic door controllers involved in the accident were defective.

The court sustained respondents' demurrer without leave to amend on the ground the statute of limitations barred the action. The court's minute order also noted that plaintiff's early pleadings were consistent with his belief that "before March 30, 1982 . . . [he] had no basis for an action against the two defendants." This appeal followed.

### Discussion

On appeal, Streicher contends the trial court erroneously sustained the demurrer and abused its discretion in denying him leave to amend the complaint to cure his failure to specifically substitute respondents for fictitious defendants named in the original complaint. We find these contentions meritorious.

Preliminarily we must determine whether Streicher's first amended complaint, absent his defective substitution of respondents for the fictitiously named defendants, relates back to the filing date of the original complaint under section 474, thus defeating the bar of the statute of limitations.

---

[2]Unless otherwise indicated, further statutory references are to the Code of Civil Procedure.

Section 474 provides in pertinent part: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly. . . ."

■ "The purpose of . . . section 474 is to enable a plaintiff who is ignorant of the identity of the defendant to file his complaint before his claim is barred by the statute of limitations. There is a strong policy in favor of litigating cases on their merits, and the California courts have been very liberal in permitting the amendment of pleadings to bring in a defendant previously sued by fictitious name." (*Barrows* v. *American Motors Corp.* (1983) 144 Cal.App.3d 1, 7 [192 Cal.Rptr. 380], citing *Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 600, 602, 603 [15 Cal.Rptr. 817, 364 P.2d 681]; see also *Motor City Sales* v. *Superior Court* (1973) 31 Cal.App.3d 342, 345 [107 Cal.Rptr. 280].) It is also well settled that the amended pleading will relate back to the date of filing of the original complaint provided it seeks recovery on the same general set of facts as alleged in the original complaint. (*Austin* v. *Massachusetts Bonding & Insurance Co., supra,* 56 Cal.2d at p. 600; *Barnes* v. *Wilson* (1974) 40 Cal.App.3d 199, 203 [114 Cal.Rptr. 839]; *Smeltzley* v. *Nicholson Mfg. Co.* (1977) 18 Cal.3d 932, 937 [136 Cal.Rptr. 269, 559 P.2d 624, 85 A.L.R.3d 121]; *Barrows* v. *American Motors Corp., supra,* 144 Cal.App.3d at p. 7.) Moreover, it is clear that where the original complaint contains standard Doe allegations alleging negligence theories, it is proper to amend the complaint to bring in other defendants on warranty and products liability; since the amendment involves the same accident and injury, the amendment relates back to satisfy the statute of limitations. (*Barrows* v. *American Motors Corp., supra,* 144 Cal.App.3d at p. 7; *Garrett* v. *Crown Coach Corp.* (1968) 259 Cal.App.2d 647 [66 Cal.Rptr. 590].)

■ However, in order to claim the benefits of section 474, plaintiff's ignorance of defendant's true name must be genuine and not feigned. (*Stephens* v. *Berry* (1967) 249 Cal.App.2d 474, 477 [57 Cal.Rptr. 505]; *Schroeter* v. *Lowers* (1968) 260 Cal.App.2d 695, 700 [67 Cal.Rptr. 270]; *Scherer* v. *Mark* (1976) 64 Cal.App.3d 834, 840 [135 Cal.Rptr. 90].) We must therefore look to see whether plaintiff knew defendant's true name at the time he filed his original complaint. Plaintiff's requisite ignorance of defendant's name under section 474 has been expansively interpreted by the courts to encompass situations where " 'he knew the identity of the person but was ignorant of the facts giving him a cause of action against the person [citations], or knew the name and all the facts but was unaware that the law gave him a cause of action against the fictitiously named defendant and discovered that right by reason of decisions rendered after the commencement of the action. [Citations.]' " (*Marasco* v. *Wadsworth* (1978) 21 Cal.3d 82, 88 [145 Cal.Rptr. 843, 578 P.2d 90], quoting with approval *Barnes* v. *Wilson, supra,* 40 Cal.App.3d at p. 205.) Moreover, section 474's ignorance requirement "is restricted to the knowledge of the plaintiff *at the time of filing of the complaint*" (*Munoz* v. *Purdy* (1979) 91 Cal.App.3d 942, 947 [154 Cal.Rptr. 472], italics added; *Mishalow* v. *Horwald* (1964) 231

Cal.App.2d 517, 522-523 [41 Cal.Rptr. 895]), "and does not relate to steps that should be taken *after* the filing of the action." (91 Cal.App.3d at p. 947.)

■ Guided by the foregoing principles we turn to the case at bar. Streicher's original complaint contained standard "Doe" allegations against fictitious defendants then unknown, as required by section 474. Although the original complaint alleged a cause of action for negligence against all defendants for failing to provide a safe place to work, it was proper to amend the complaint to bring in the defectively substituted defendants on the additional warranty and products liability theories of recovery since the amendment involved the same accident and injury alleged in the original complaint. (See *Smeltzley* v. *Nicholson Mfg. Co., supra,* 18 Cal.3d at p. 937.) It is undisputed that at the time Streicher's original complaint was filed he was ignorant of respondents' identity or of their participation in designing, manufacturing or selling the electronic door openers involved in the accident. Likewise Streicher did not know at this time any facts which would indicate the possibility the door openers were defectively designed as such flaw in design was not externally visible.

Respondents contend, nevertheless, that Streicher did not "in good faith" avail himself of the provisions of section 474 because four months after his original complaint was filed he was alerted, through the filing of cross-complaint and intervention pleadings, of respondents' role in manufacturing and distributing the electronic door devices and of the possibility they could be sued under a products liability theory of recovery. As pointed out above, plaintiff's *actual knowledge at the time* the suit is filed is dispositive in triggering the application of section 474's fictitious defendant provisions (*Mishalow* v. *Horwald, supra,* 231 Cal.App.2d at p. 522; *Munoz* v. *Purdy, supra,* 91 Cal.App.3d at p. 947). Further, it remains undisputed that at the time of the filing of the original complaint Streicher was ignorant of re-spondents' identity or of their status as manufacturers and distributors of the defective door openers. ■ Moreover, there is *no* requirement under section 474 that plaintiff exercise reasonable diligence in discovering either the true identity of fictitious defendants or the facts giving him a cause of action against such persons after the filing of a complaint and up to the expiration of the applicable limitation period. (*Munoz* v. *Purdy, supra,* 91 Cal.App.3d at pp. 947-948; *Barrows* v. *American Motors Corp., supra,* 144 Cal.App.3d at p. 10, fn. 4.) As aptly stated by the court in *Munoz, supra,* "the interjection of a discovery standard into section 474 would lead to the harmful practice in all litigation of requiring that all persons who might conceivably have some connection with the lawsuit be specifically named in order to avoid the sanctions of the failure to comply with the inquiry re-quirements of section 474." (91 Cal.App.3d at pp. 947-948.)

■ Respondent also argues that, irrespective of appellant's lack of knowledge of the true identity of the fictitiously named defendants at the time he filed the original complaint, he was nonetheless "dilatory" in filing the amended complaint once he acquired knowledge of the true identity of those defendants fictitiously named. Respondent contends that unreasonable delay in filing the *amendment* after actual discovery of the true identity of a fictitiously named defendant can bar a plaintiff's resort to the fictitious name procedure. Some authority for this proposition can be found in *Barrows* v. *American Motor Corp.*, *supra*, 144 Cal.App.3d at pages 8-9, and in *Barnes* v. *Wilson*, *supra*, 40 Cal.App.3d 199 at page 206. Here, however the trial court was only dealing with a demurrer to the amended complaint. "Defendant's demurrer, however, tests only the sufficiency of the pleadings. Nothing in the pleadings suggests that plaintiff, after learning of his cause of action against defendant, was dilatory in amending his complaint, or that defendant suffered prejudice from such delay. [citation]." (*Smeltzley* v. *Nicholson Mfg. Co.*, *supra*, 18 Cal.3d 932, at p. 939, fns. omitted.) Nothing in this record suggests appellant was dilatory in amending his complaint. In fact, the trial court's order states that before March 30, 1982, "[appellant] had no basis for an action against the two defendants." Once he learned the facts giving him a cause of action against respondents on March 30, 1982, his first amended complaint naming respondents as defendants was promptly filed on May 18, 1982, within two months of discovery.

■ We conclude that, absent Streicher's defective substitution of respondents for the fictitiously named defendants, his first amended complaint relates back to the filing date of the original complaint under section 474, thus defeating the bar of the statute of limitations.

■ The issue remains whether the court abused its discretion in denying Streicher leave to amend the complaint to cure his failure to properly allege that respondents were being substituted for some of the fictitiously named defendants in the original complaint. Streicher argues this omission constituted a procedural error which was easily curable through amendment. We agree.

"It is axiomatic that if there is a reasonable possibility that a defect in the complaint can be cured by amendment or that the pleading liberally construed can state a cause of action, a demurrer should not be sustained without leave to amend. [Citations.]" (*Minsky* v. *City of Los Angeles* (1974) 11 Cal.3d 113, 118-119 [113 Cal.Rptr. 102, 520 P.2d 726].) We are satisfied the amended complaint's allegations sufficiently state a cause of action for products liability against respondents. Moreover, "[a]n amendment substituting the true names of fictitious defendants is not a matter of substance

because it does not change the cause of action nor affect the issues raised by the pleadings. [Citation.]'' *(Vincent* v. *Grayson* (1973) 30 Cal.App.3d 899, 905, fn. 2 [106 Cal.Rptr. 733].) Since the defect in the complaint does not affect the substance of its allegations and it is reasonably possible the defect can be cured by amendment, we conclude the trial court abused its discretion in dismissing the action without giving Streicher the opportunity to amend.

The judgment of dismissal is reversed.

Agliano, J., and Brauer, J., concurred.