[No. H004354. Sixth Dist. Nov. 14, 1989.]

SOBECK AND ASSOCIATES, INC., Plaintiff and Appellant, v. B & R INVESTMENTS No. 24, Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions to be published follow.

862

COUNSEL

Steven J. Andre and Anne D. McGowan for Plaintiff and Appellant.

Andrew H. Swartz, Spierling, Swartz & Kennedy, and John R. Joyce for Defendant and Respondent.

**OPINION**

**CAPACCIOLI, Acting P. J.**—In this action to foreclose a mechanic's lien, Sobeck and Associates, Inc. appeals from a judgment in favor of B & R Investments No. 24 and Bestor Engineers, Inc.[1] In the proceedings below, Sobeck, Inc. had amended its complaint under the fictitious names statute, Code of Civil Procedure section 474, to substitute a named defendant in place of a previously designated Doe defendant. B & R asserted that the action was time-barred by Civil Code section 3144 because Sobeck, Inc. amended the complaint more than 90 days after learning the true identity of the new defendant. The trial court granted judgment for B & R without hearing evidence concerning unreasonable delay by Sobeck, Inc. or prejudice to the defendant. Sobeck, Inc. contends this was reversible error, and we agree. (See *Grinnell Fire Protection Systems Co.* v. *American Sav. & Loan Assn.* (1986) 183 Cal.App.3d 352 [228 Cal.Rptr. 292]; *Barrows* v. *American Motors Corp.* (1983) 144 Cal.App.3d 1, 8-10 [192 Cal.Rptr. 380].)

Sobeck, Inc. further contends that the trial court erred by permitting Bestor to intervene and add a new party, Ray Sobeck in his individual

---

[1] Hereafter, Sobeck and Associates, Inc. will be called Sobeck, Inc. or the Corporation. Ray Sobeck is a distinct party and will be designated simply Sobeck. B & R Investments No. 24 and Bestor Engineers, Inc. will be known as B & R and Bestor, respectively.

capacity, as a defendant in the lawsuit. We need not reach this issue. Sobeck the individual did not file a notice of appeal. Only the Corporation did. The judgment for Bestor was against Sobeck individually. The Corporation has not been injured by the judgment for Bestor, and that portion of the judgment is not dependent on or interwoven with the judgment in favor of B & R. Because the notice of appeal did not specify the judgment for Bestor, we lack jurisdiction to consider it. (See *Gonzales* v. *R. J. Novick Constr. Co.* (1978) 20 Cal.3d 798, 804-805 [144 Cal.Rptr. 408, 575 P.2d 1190]; *Winter* v. *Gnaizda* (1979) 90 Cal.App.3d 750, 754 [152 Cal.Rptr. 700]; *Estate of McDill* (1975) 14 Cal.3d 831, 840 [122 Cal.Rptr. 754, 537 P.2d 874].)

## FACTS

In 1984, Dr. Jerome Rubin and three other individuals formed a partnership and purchased real property to design and build a motel. Rubin hired Ray Sobeck to act as general contractor for the motel project. Sobeck subcontracted some of the work to others, and work on the project began in November or December 1984.

In January 1985, the architectural firm Takigawa and Associates asked Bestor Engineers, Inc., a civil engineering and surveying firm, to perform civil engineering services for the project. Bestor subsequently sent a contract form to Takigawa for execution, but it was returned signed, not by Takigawa, but by "Raymond A. Sobeck—Operations-Project Management." There was no reference in the contract to Sobeck and Associates, Inc. Bestor subsequently performed a substantial amount of work on the project (in excess of $10,000).

On November 15, 1985, Rubin borrowed $277,000 from Monterey County Bank (the Bank) and in exchange conveyed a deed of trust for the motel property, which the Bank recorded. About November or December 1985, Rubin realized that he could not obtain funding for the motel project, and he advised Sobeck to file a lien on the property.

On December 16, 1985, Sobeck, Inc. recorded its mechanic's lien in the sum of $24,029.47, which included an amount for recovery for the work performed by Bestor. Two days later, Sobeck, Inc. filed suit to foreclose the lien. The complaint named Rubin and various Doe defendants.[2]*

In April 1986, Sobeck, Inc. learned that Monterey County Bank had an interest in the property where the motel was to be built.

---

*See footnote, *ante,* page 861.

In September 1986, Bestor moved to intervene pursuant to Code of Civil Procedure section 387, subdivisions (a) and (b), on the ground that Bestor had an interest in the matter in litigation adverse to both plaintiff and defendants. Bestor subsequently filed a complaint in intervention, naming as defendants, among others, Ray Sobeck individually and in his corporate guise, as Sobeck and Associates, Inc. Sobeck, Inc. demurred and moved to strike Bestor's complaint on the ground that the intervention improperly broadened the scope of the lawsuit. The trial court ruled against Sobeck, Inc. on the motion.

In April 1987, Sobeck, Inc. filed an amendment to substitute Monterey County Bank in place of a Doe defendant. B & R subsequently acquired the motel property at a foreclosure sale instituted by the Bank, and was substituted in as a defendant in place of the Bank.

The action proceeded to trial without a jury. After opening statement and again at the close of Sobeck, Inc.'s evidence, B & R moved for judgment on the ground that Sobeck, Inc. had not timely filed or amended its complaint with regard to the Bank or B & R. After arguments and briefing on the issue, the court granted B & R's motion. The court did not entertain evidence concerning any prejudice to B & R from the "late" filing. The only evidence it heard concerning Sobeck, Inc.'s delay centered around Sobeck, Inc.'s reason for waiting to amend the complaint to name the Bank. The court did not issue a statement of decision, but appears to have concluded that Sobeck, Inc. failed timely to amend its complaint after gaining knowledge of the Bank's identity. The court also entered judgment for Bestor and against Sobeck individually in the amount of $21,566.16.

Sobeck, Inc. unsuccessfully moved to vacate the judgment or for a new trial. Sobeck, Inc. timely filed a notice of appeal, stating "Plaintiff, SOBECK & ASSOCIATES, INC., a California Corporation, Dba PROJECT MANAGEMENT, appeals from the Judgment entered against Plaintiff and in favor of Defendant, B & INVESTMENTS # 24" (*sic*). No notice of appeal was filed on behalf of Sobeck individually.

On appeal, Sobeck, Inc. has raised issues concerning the propriety of permitting Bestor's intervention. Bestor has moved to strike those portions of the briefs, asserting that this court lacks jurisdiction over that portion of the judgment.

ISSUES

1. Did the trial court commit reversible error by failing to require evidence of unreasonable delay by Sobeck, Inc. or prejudice to the defendant,

where Sobeck, Inc. amended its complaint to substitute the Bank for a previously designated Doe defendant more than 90 days after it learned the Bank's identity?

2. Does this court have jurisdiction to consider the issues raised by Sobeck, Inc. concerning the intervention of Bestor, where Sobeck individually did not file a notice of appeal?

## DISCUSSION

*Standard of Review*

All issues in this appeal concern questions of law, which we review independently. (See *People* v. *Bonin* (1988) 46 Cal.3d 659, 676 [250 Cal.Rptr. 687, 758 P.2d 1217], cert. denied 489 U.S. 1091 [103 L.Ed.2d 864, 109 S. Ct. 1561] (1989); *People* v. *Williams* (1988) 45 Cal.3d 1268, 1301 [248 Cal.Rptr. 834, 756 P.2d 221], cert. denied 488 U.S. 1050 [102 L.Ed.2d 1006, 109 S.Ct. 883] (1989); *United States Lines, Inc.* v. *State Bd. of Equalization* (1986) 182 Cal.App.3d 529, 534 [227 Cal.Rptr. 347].)

*Fictitious Names Statute (Code Civ. Proc., § 474)*

Sobeck, Inc. contends that the trial court erred by granting judgment in favor of B & R on the ground that Sobeck, Inc. had failed timely to amend its complaint to substitute B & R's predecessor in interest, the Bank, for a previously named Doe defendant. Sobeck, Inc. argues that the trial court should have required evidence of unreasonable delay by Sobeck, Inc. and prejudice to the defendant from the amendment of the complaint. Instead, Sobeck, Inc. asserts, the court improperly granted judgment based solely on the fact that one year had passed between the time Sobeck, Inc. learned the Bank's identity and the time it amended the complaint. Such delay, alone, is not enough, according to Sobeck, Inc., to preclude the use of the relation back doctrine of Code of Civil Procedure section 474. B & R, on the other hand, argues that the trial court properly granted judgment in its favor because Sobeck, Inc. had neither filed its complaint naming the Bank within 90 days of recording the mechanic's lien nor amended its complaint within 90 days of obtaining actual knowledge of the Bank's interest in the property. We find that Sobeck, Inc.'s position is correct.

The California mechanic's lien law permits persons who furnish labor or materials on a work of improvement to file a lien on the property where the improvement is located. (Civ. Code, § 3110; *Grinnell Fire Protection Systems Co.* v. *American Sav. & Loan Assn., supra,* 183 Cal.App.3d 352, 355.)

The lien will terminate unless the materialman files an action to foreclose the lien within 90 days after recording it. (Civ. Code, § 3144.) ■ One court has read into Civil Code section 3144 a requirement that the materialman must join all parties to be bound by the judgment within the 90-day period. (*Grinnell, supra,* 183 Cal.App.3d at p. 357.)

In meeting the 90-day period for commencing the action, however, the plaintiff may rely on the fictitious names statute, Code of Civil Procedure section 474,[3] to join as yet unidentified defendants. (183 Cal.App.3d at pp. 358-362.) Section 474 permits a plaintiff to designate a defendant by a fictitious name when the plaintiff is ignorant of the true identity of the defendant. Once the plaintiff discovers the name of the defendant, he must amend the complaint accordingly. (§ 474.)

A plaintiff may use section 474 whenever he has no actual knowledge of the defendant; constructive or legal knowledge will not deprive the plaintiff of the remedy. (*Grinnell, supra,* 183 Cal.App.3d at pp. 359-360, 362-363.) The plaintiff's knowledge is tested at the time suit is filed, and there is no requirement that the plaintiff exercise diligence to discover the identity of the defendant after filing the complaint. (See *Streicher* v. *Tommy's Electric Co.* (1985) 164 Cal.App.3d 876, 882-883 [211 Cal.Rptr. 22].) The purpose of section 474 is to permit the plaintiff to avoid the bar of the statute of limitations. (*Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 602 [15 Cal.Rptr. 817, 364 P.2d 681]; *Streicher* v. *Tommy's Electric Co., supra,* 164 Cal.App.3d at p. 882.) Moreover, the courts have held that section 474 should be liberally construed (*Grinnell, supra,* 183 Cal.App.3d at p. 359), particularly because such a construction also fosters this state's fundamental philosophy that cases should be decided on their merits. (See *Smeltzley* v. *Nicholson Mfg. Co.* (1977) 18 Cal.3d 932, 939 [136 Cal.Rptr. 269, 559 P.2d 624, 85 A.L.R.3d 121]; *Streicher* v. *Tommy's Electric Co., supra,* 164 Cal.App.3d at p. 882.)

■ The foregoing rules clearly disprove B & R's assertion that Sobeck, Inc.'s complaint was deficient because Sobeck, Inc. had constructive or legal knowledge of the Bank's claim, yet failed to name the Bank specifically within 90 days of filing the mechanic's lien. It is actual knowledge that is necessary, and it is undisputed that Sobeck, Inc. was unaware of the Bank's identity until April 1986, long after Sobeck, Inc. had filed its complaint.

The real question, then, is whether the complaint was deficient because it was not amended within 90 days of Sobeck, Inc. learning the true identity of

---

[3] Hereafter all statutory references are to the Code of Civil Procedure unless otherwise noted.

the Bank. In effect, B & R contends that the 90-day period of Civil Code section 3144 served as a second statute of limitations which began to run anew on the date Sobeck, Inc. discovered the Bank's identity. Because Sobeck, Inc. amended the complaint beyond the 90-day period, B & R argues that the complaint was time-barred, regardless of the absence of evidence of unreasonable delay by Sobeck. Inc. or prejudice to the defendant. B & R contends that *Grinnell* supports this position. We disagree.

*Grinnell* held that a materialman must name all parties to be bound by the foreclosure of the mechanic's lien within 90 days of recording the lien, as specified by Civil Code section 3144. The case further held that if the materialman does not have actual knowledge, at the time of filing the complaint, of a defendant's interest in the property, the materialman can avoid the 90-day period of limitations by naming the defendant as a Doe under section 474. (*Grinnell, supra,* 183 Cal.App.3d at p. 354.) The *Grinnell* court did not decide whether the materialman must amend the complaint within 90 days of discovering the new defendant's identity. In *Grinnell,* the plaintiff amended its complaint to substitute the Doe defendant on the same day that the plaintiff gained actual knowledge of the defendant's identity. Thus, the court did not even consider whether an amendment would be time-barred if made more than 90 days after a materialman discovered a "new" defendant's identity.

Nor have we found other cases which have had to reach this issue specifically. The closest case to address the point is *Barrows* v. *American Motors Corp.* (1983) 144 Cal.App.3d 1 [192 Cal.Rptr. 380]. In *Barrows,* the plaintiffs' son was killed in a car accident in November 1978. The plaintiffs timely filed suit. In November 1979, the plaintiffs allegedly learned the identity of a "new" defendant, American Motors. In October 1980, the plaintiffs amended their complaint to include American Motors as a defendant. The amended complaint failed to allege, as required, that American Motors was a previously designated Doe defendant. American Motors demurred on the ground that the claim was barred by the one-year statute of limitations. The plaintiffs then moved (in December 1980) to amend to add an allegation that American Motors was a Doe defendant previously sued in the original complaint. The trial court denied the motion for leave to amend and granted judgment for American Motors. The Barrowses appealed.

On appeal, American Motors contended that the Barrowses had unreasonably delayed filing their amended complaint, and that the action should therefore be barred. American Motors tried to characterize the appeal as a "statute of limitations" case. American argued that the statute of limitations had commenced running on the date the Barrowses discovered

American's identity, that the Barrowses had amended the complaint more than one year after that date, and that this one-year delay barred them from recovery. The court rejected this argument, pointing out that the plaintiffs had filed the first (October 1980) amendment less than one year after allegedly discovering the defendant's identity, and that although the amendment was defective, the defect was curable. The court then noted ". . . if this were a 'statute of limitations' problem, the filing of the first amended complaint would be deemed the date of commencement." (144 Cal.App.3d at p. 8.) The court went on to state that the issue was not a statute of limitations problem, but one of unreasonable delay or laches. (*Ibid.*)

The *Barrows* court found that the Barrowses should not be barred from amending under section 474. The court noted that unreasonable delay in filing an amendment after actually acquiring knowledge of the defendant's identity can bar a plaintiff's use of the fictitious names statute, but in such cases the defendant must show specific prejudice from the delay. (144 Cal.App.3d at pp. 8-9.) The defendant cannot rely simply on the general policy of the applicable statute of limitations to show prejudice. (*Id.* at p. 10.) Where no specific prejudice is shown, the action will not be time-barred. American Motors failed to show any prejudice at all, and therefore the court found that the Barrowses should be permitted to amend.

Several other cases have considered the delay by a plaintiff or the prejudice to the defendant in deciding whether an amendment to a complaint will relate back to the filing date of the original complaint for statute of limitations purposes. (See *Smeltzley* v. *Nicholson Mfg. Co., supra,* 18 Cal.3d 932, 939; *Hazel* v. *Hewlett* (1988) 201 Cal.App.3d 1458, 1466 [247 Cal.Rptr. 723]; *Streicher* v. *Tommy's Electric Co., supra,* 164 Cal.App.3d 876, 884; *Jensen* v. *Royal Pools* (1975) 48 Cal.App.3d 717, 720-722 [121 Cal.Rptr. 805].) We find these analyses persuasive. We do not believe that the plaintiff in a mechanic's lien case is required to amend within 90 days of learning the identity of a previously designated doe defendant. There is no second "statute of limitations." Rather, the amendment will relate back to the date of the original complaint so long as the plaintiff was ignorant of the defendant's identity at the time of filing the original complaint and so long as there was no unreasonable delay or specific prejudice.

Sobeck, Inc. contends that absent a showing of unreasonable delay or prejudice, under Code of Civil Procedure section 583.210 it had three years after the date it filed its original complaint to amend the complaint. B & R counters that if such a position were adopted by this court, it would render worthless the entire mechanic's lien law. We disagree. The cases discussing section 474 recognize that the section effectively extends various statute of

limitations periods. (See, e.g., *Olden* v. *Hatchell* (1984) 154 Cal.App.3d 1032, 1037-1038 [201 Cal.Rptr. 715].) ■ The courts have found that the statutory schemes involving various statutes of limitations and sections 474 and 583.210[4] represent a satisfactory compromise between the harsh effect on a plaintiff of the statute of limitations and the unfairness to a defendant of attempting to litigate a stale claim. (*Olden* v. *Hatchell, supra,* 154 Cal.App.3d at p. 1038; see also *Munoz* v. *Purdy* (1979) 91 Cal. App.3d 942, 947 [154 Cal.Rptr. 472].) The courts have also noted that the shorter the statute of limitations, the greater the need for application of the fictitious names statute. (*Olden, supra,* at p. 1038 fn. 9, citing Hogan, *California's Unique Doe Defendant Practice: A Fiction Stranger Than Truth* (1977) 30 Stan.L.Rev. 51, 92-95.)

■ Here, a court has already held that the fictitious names statute may be used in mechanic's lien cases. (*Grinnell, supra,* 183 Cal.App.3d at p. 354.) We see no reason to limit that application as B & R requests. We believe that, together, Civil Code section 3144 and Code of Civil Procedure sections 474 and 583.210, subdivision (a), satisfactorily balance the competing interests of plaintiffs and defendants. Thus, a plaintiff in an action to foreclose a mechanic's lien need not amend the complaint to substitute a fictitiously named defendant within 90 days of obtaining knowledge of the defendant. The amendment will relate back if made within three years of filing the original complaint, unless there is evidence of unreasonable delay by the plaintiff or specific prejudice to the defendant. (Compare *Brennan* v. *Lermer Corp.* (N.D.Cal. 1986) 626 F.Supp. 926, 928.) The 90-day period of Civil Code section 3144 should be only one factor to consider in determining whether there has been delay or prejudice.

In the case at bar, the trial court heard no evidence of prejudice to the defendant from Sobeck, Inc.'s delay in amending the complaint. The court heard only one brief statement concerning the reason for Sobeck, Inc.'s delay. We therefore reverse the judgment in favor of B & R and remand to the trial court for further proceedings consistent with this opinion.

*Right of Sobeck, Inc. to Appeal Bestor's Intervention* *

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

---

[4] Code of Civil Procedure section 583.210, subdivision (a), provides that the summons and complaint shall be served upon a defendant within three years after the complaint is filed.

* See footnote, *ante,* page 861.

## CONCLUSION

The judgment in favor of B & R is reversed with instructions that the trial court consider evidence of unreasonable delay and prejudice from the amendment of the complaint. We do not have jurisdiction to consider any issues concerning the judgment in favor of Bestor and against Sobeck individually. Each party to bear its own costs.

Premo, J., and Elia, J., concurred.

Respondent's petition for review by the Supreme Court was denied January 25, 1990. Panelli, J., and Kaufman, J., were of the opinion that the petition should be granted.