39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark MILLER, Linda A. Miller, Plaintiffs-Appellants,
v.
Paul J. KAMINSKI, M.D., Radiation Therapy Medical Group,
Southwest Medical Physics Associates, Does 1 To
80, Defendants,
Atomic Energy, Ltd., A.E.C.L. Medical Company, Defendants-Appellees.
 No. 93-55412.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1994*
Decided Nov. 1, 1994.
 
 1
 Before: FLETCHER, BOOCHEVER, and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiffs Mark and Linda Miller appeal the district court's summary judgment for the defendant Atomic Energy of Canada Limited (A.E.C.L.). The Millers argue that the district court erred by finding that their claim was barred by California's one-year statute of limitations for products liability claims. We have jurisdiction under 28 U.S.C. Sec. 2107, and we affirm.
 
 
 4
 We review de novo the district court's grant of summary judgment. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992). We view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact and whether the district court applied the correct substantive law. Id.
 
 
 5
 In May of 1990, the Millers filed a medical malpractice suit against defendants Dr. Kaminski, Radiation Therapy Medical Group, Southwest Medical Physics Associates, and Does 1 to 80 in state court. The original complaint did not name any real or fictitious manufacturer as a defendant. The suit was based on injuries alleged to have resulted from radiation treatments administered in 1988. In March of 1992, the Millers filed an amended complaint adding A.E.C.L. as a new defendant (not a substituted "Doe") and a new cause of action for products liability. A.E.C.L., a Canadian Corporation wholly owned by the Canadian Government, removed the action to federal court under 28 U.S.C. Secs. 1330 and 1603, and moved for summary judgment based on California's one-year statute of limitations for products liability claims, Cal.Civ.Proc.Code Sec. 340(3). The district court found that the claims against A.E.C.L. were time-barred and dismissed A.E.C.L. from the suit.
 
 I. TIMELINESS OF AMENDED COMPLAINT
 
 6
 The Miller's contention that the amended complaint was timely is without merit. Under the "delayed discovery" rule, the Millers' amended complaint is timely only if they were first on notice of their products liability claims after March 1991, one year prior to filing the amended complaint. See Jolly v. Eli Lilly & Co., 751 P.2d 923, 926 (Cal.1988) (stating that delayed discovery rule delays accrual date of cause of action until reasonably diligent victim is aware of both injury and negligent cause). See also Gutierrez v. Mofid, 705 P.2d 886, 888 (Cal.1985); G.D. Searle & Co. v. Superior Court, 122 Cal.Rptr. 218, 220 (Cal.Ct.App.1975).
 
 
 7
 The record here indicates that the Millers were on notice of their cause of action by January 1991 at the latest. By that time, the Millers were clearly aware of their injuries. Indeed, they had sued the year before for radiation-caused injuries to Mark and loss of consortium due to malpractice. By that time they also knew that machine malfunction may have caused their injuries. Mr. Miller had witnessed breakdowns of the radiation machine during his therapy and through discovery had learned that the machine was manufactured by A.E.C.L. Because these events occurred more than one year prior to the filing of the amended complaint, we find that the cause of action was time-barred under California's one-year statute of limitations for products liability claims.
 
 II. RELATION BACK
 
 8
 The Millers seek to avoid the time bar by contending that their amended complaint relates back to the original complaint. However, the amended complaint was not filed under California's relation-back statute. Cal.Civ.Proc.Code Sec. 474. Instead, it was filed under Section 473, which does not contain any provision for relation back and permits only minor amendments, not the addition of new defendants or new causes of action. Cal.Civ.Proc.Code Sec. 473; Kerr-McGee Chem. Corp. v. Superior Court, 206 Cal.Rptr. 654, 656 (Cal.Ct.App.1984) ("[S]ection 473 does not authorize the addition of a party for the first time whom the plaintiff failed to name in the first instance."). Furthermore, A.E.C.L. was not substituted as a "Doe" defendant as required by California's relation back statute. See Cal.Civ.Proc.Code Sec. 474.
 
 
 9
 Although we construe California's fictitious name statute liberally, where the plaintiffs have unreasonably delayed bringing their suit, we cannot overlook these defects as mere technicalities. See Lindley v. General Elec. Co., 780 F.2d 797, 801 (9th Cir.) (citing Barnes v. Wilson, 114 Cal.Rptr. 839 (1974)), cert. denied, 476 U.S. 1186 (1986). Here, the Millers have deprived A.E.C.L. of the opportunity to conduct timely discovery by failing to file their complaint until more than three years after the alleged malfunctions and more than one year after receiving discovery responses identifying A.E.C.L. as the manufacturer. See Smeltzley v. Nicholson Mfg. Co., 559 P.2d 624, 628 (Cal.1977); Sobeck & Assoc., Inc. v. B & R Invs., 264 Cal.Rptr. 156, 160-61 (Cal.Ct.App.1989). Cf. Lindley, 780 F.2d at 801 (allowing relation back where plaintiff complied with Section 474 to extent possible in federal court); Streicher v. Tommy's Elec., 211 Cal.Rptr. 22 (Cal.Ct.App.1985) (allowing relation back where complaint filed soon after learning facts giving rise to cause of action). Because of the lengthy delay in filing the amended complaint and the failure to comply with the requirements of Section 474, we conclude that the amended complaint does not relate back.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34)(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3