[No. B028217. Second Dist., Div. Seven. June 10, 1988.]

LINDA OLSON, Plaintiff and Appellant, v.
VOLKSWAGEN OF AMERICA et al., Defendants and Respondents.

**COUNSEL**

Matthew B.F. Biren & Associates and Kimberly A. Miller for Plaintiff and Appellant.

Herzfeld & Rubin and Timothy B. Fitzhugh for Defendants and Respondents.

**OPINION**

LILLIE, P. J.—Plaintiff purports to appeal from the "Order sustaining defendant, Volkswagen of America, Inc.'s and Volkswagen Aktiengesellschaft's demurrer to plaintiff's third amended complaint without leave to amend and the order entered thereon dismissing Volkswagen of America, Inc. and Volkswagen Aktiengesellschaft from plaintiff's action." However, it appears there is no order dismissing these defendants following the sustaining of the demurrer and that this appeal is from the court's order sustaining the demurrer without leave to amend. An order sustaining a demurrer without leave to amend is not an appealable order. (*Beazell* v. *Schrader* (1963) 59 Cal.2d 577, 579 [30 Cal.Rptr. 534, 381 P.2d 390].)

Although this court has given notice to the bar (*Cohen* v. *Equitable Life Assurance Society* (1987) 196 Cal.App.3d 669, 671 [242 Cal.Rptr. 84]) that we will no longer bail out attorneys who appeal from nonappealable orders, we note that the notice of appeal in the instant case was filed five months prior to the filing of our opinion in *Cohen* (Nov. 24, 1987), and under the circumstances, we deem the order sustaining the demurrer to incorporate a judgment of dismissal and treat Olson's notice of appeal as applying to said judgment. (See *ibid.*)

I

## Facts and Proceedings Below

On February 2, 1984, plaintiff Linda Olson (Olson) filed an action to recover damages for her injuries and property loss as a result of a head-on automobile collision occurring on July 25, 1983. The first cause of action of the original complaint named as defendants, Robert W. Pena, Rhonda Lee Melendez, Rhonda Lee Pena and Does 1 through 15, and alleged Olson was involved in an accident when the automobile she was operating and/or occupying collided with another automobile owned and/or operated by defendants. The complaint alleged each of the defendants negligently owned, operated, entrusted and maintained the above referenced motor vehicle and/or otherwise negligently conducted himself, thereby causing the accident. The complaint also contained the standard allegation relative to fictitiously named defendants.

The second cause of action of the original complaint named as defendants Barrett Enterprises, Technibuilt Corporation and Does 16 through 30, incorporated by reference the standard allegation relative to fictitiously named defendants, and alleged that each defendant assembled, designed or otherwise was involved in the chain of manufacture, sale and delivery of a "Granst G.T. Steering wheel" or one of its component parts. The complaint further alleged Olson was involved in an accident on July 25, 1983, causing her to sustain personal injuries and damages when the steering wheel or one of its component parts malfunctioned or functioned in an unsafe manner thereby proximately causing said accident.

The third cause of action of the original complaint also named Barrett Enterprises, Technibuilt Corporation and Does 16 through 30, and incorporated by reference the allegations regarding fictitiously named defendants. It alleged the accident was proximately caused by the defect in the manufacture and design of the steering wheel or one of its components, which caused the product to operate in an unsafe manner and therefore each defendant was strictly liable to Olson.

There appears to be a fourth cause of action, although not limited to specific defendants, for breach of warranty.

On February 7, 1986, Olson filed an amendment to the complaint, naming Volkswagen of America, Inc. (VWOA) in place of Doe 1 and concurrently filed a first amended complaint for personal injury damages.

On August 11, 1986, VWOA filed a demurrer to Olson's first amended complaint alleging that the above referenced causes of action were barred

by the one-year statute of limitations for actions based on personal injuries. Said demurrer was sustained with leave to amend.

Thereafter Olson filed a second amended complaint and again VWOA's demurrer based on the statute of limitations was sustained.

On December 4, 1986, Olson filed an amendment to the complaint naming Volkswagenwerk Aktiengesellschaft, a German corporation (VWAG) in place of Doe 2 and on February 3, 1987, filed a third amended complaint. The charging allegations of the original complaint are repeated against all of the originally named defendants other than Does 1 and 2. The cause of action against defendants Barrett Enterprises, Technibuilt Corporation and Does 3 through 30 relating to the manufacturing, assembly, design and sale of the steering wheel and its components, alleges that the steering wheel was attached to the drive shaft of Olson's 1965 Volkswagen "Beetle."

A fifth cause of action against VWOA, VWAG and Does 3 through 30 for negligent manufacture and design alleges that each defendant manufactured, assembled, designed or otherwise was involved in the chain of manufacture, sale and delivery of the 1965 Volkswagen Beetle or one of its component parts; and that on July 25, 1983, while Olson was driving said Volkswagen, she was involved in an accident which caused her to sustain multiple injuries to her body. It further alleges that at the time of the filing of the original complaint there was no evidence indicating that the Volkswagen automobile was defectively designed and there was no reason to believe that it caused the accident or contributed to Olson's injuries and for this reason VWOA and VWAG were not originally named as party defendants; that as part of an on-going investigation into the defective design and manufacture of the steering wheel, it was discovered that the Volkswagen was defectively designed in several respects and that those designs were a proximate cause of certain injuries sustained by Olson; that each defendant negligently manufactured, assembled or designed said automobile or a component part thereof or otherwise negligently conducted himself and thereby proximately caused the injuries that the plaintiff sustained. The complaint alleges more particularly that "defendants conducted themselves negligently in the following nonexclusive, respects: (a) The steering wheel mechanism was designed in such a manner that it would be propelled toward the driver, like a spear, in the event of a head on collision. (b) The steering rod was made of a single unit such that upon impact, it would be propelled toward the driver with no energy absorbing unit. (c) There was inadequate crush distance in the passenger compartment to enable a driver to free himself or herself from the vehicle following a collision. (d) The driver's seat of the product was not adequately bolted to the frame and consequently, the driver in a collision, would be propelled forward into the steering

wheel and dashboard. (e) The design of the foot controls, caused a driver's extremities to be impaled on same during a head on collision. (f) There were inadequate warnings with respect to the trustworthiness of the product when involved in a collision. (g) Insufficient testing procedures were utilized by defendants in determining the crashworthiness of the vehicle. (h) By these and other acts, defendants negligently conducted themselves."

A sixth cause of action against VWOA and VWAG and Does 3 through 30 incorporates paragraphs from previous causes of action and alleges certain injuries Olson sustained in her accident were proximately cause by the defects in the design and manufacture of the Volkswagen, specifically, the defective design in the steering mechanism, steering wheel rod, foot controls and defective warnings. It alleges these defects caused the Volkswagen to be unsafe for use by Olson and that each defendant was strictly liable to Olson.

A seventh cause of action against VWOA and VWAG and Does 3 through 30 incorporated by reference paragraphs from previous causes of action and alleges defendants breached the implied warranty extended to all potential users of the vehicle that it would be safe for ordinary purposes and uses.

On February 27, 1987, VWOA and VWAG filed a demurrer to the third amended complaint on the grounds that the fifth, sixth and seventh causes of action were barred by the statute of limitations. The court sustained the demurrer to plaintiff's third amended complaint without further leave to amend.

## II

### DISCUSSION

The actions against VWOA and VWAG are barred by the statute of limitations unless the allegations of the third amended complaint can be related back to the original complaint. (*Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 600 [15 Cal.Rptr. 817, 364 P.2d 681].) ■ "[W]here an amendment is sought after the statute of limitations has run, the amended complaint will be deemed filed as of the date of the original complaint provided recovery is sought in both pleadings on the same general set of facts. [Citations.] This rule is the result of a development which, in furtherance of the policy that cases should be decided on their merits, gradually broadened the right of a party to amend a pleading without incurring the bar of the statute of limitations." (*Ibid.*)

■ An amended complaint relates back where the original complaint is against a driver of a vehicle and the amended complaint seeks to bring in

other defendants on warranty and product liability theories. These amendments have not been barred by the statute of limitations because they involve the same accident and injury. (See *Barrows* v. *American Motors Corp.* (1983) 144 Cal.App.3d 1, 7 [192 Cal.Rptr. 380]; *Garrett* v. *Crown Coach Corp.* (1968) 259 Cal.App.2d 647, 650-653 [66 Cal.Rptr. 590].) Similarly, an amended complaint relates back to the original complaint if the amended complaint seeks to bring in a defendant that is in the chain of causation of the originally pleaded cause of action. (See *Coronet Manufacturing Co.* v. *Superior Court* (1979) 90 Cal.App.3d 342, 348 [153 Cal.Rptr. 366].)

In the present case, the original complaint and the third amended complaint seek recovery on the same general facts. Appellant has shown defendants VWOA and VWAG to be in the chain of causation of the originally pleaded cause of action involving use of the steering wheel and its component parts. Appellant has pled that the steering wheel was attached to the drive shaft of the Volkswagen automobile. The third amended complaint refers to the same accident, seeks damages for the same injuries, is based on the same general set of facts and "relates back." (See *Barnes* v. *Wilson* (1974) 40 Cal.App.3d 199, 205-206 [114 Cal.Rptr. 839].) Further, nothing in the pleadings suggests Olson, after learning of her causes of action against VWOA and VWAG, was dilatory in amending the complaint or that defendants suffered prejudice from any delay. (See *Smeltzley* v. *Nicholson Mfg. Company* (1977) 18 Cal.3d 932, 939 [136 Cal.Rptr. 269, 559 P.2d 624, 85 A.L.R.3d 121].)

We conclude that the trial court erred in sustaining the demurrer on the basis of the statute of limitations.

### III

#### DISPOSITION

The judgment is reversed. Appellant is entitled to recover her costs on appeal.

Johnson, J., and Reese, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.