[No. D011341. Fourth Dist., Div. One. June 21, 1990.]

RODNEY L. HOCK et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY et al.,
Respondents;
WOODSIDE BUSINESS PARK, Real Party in Interest.

---

## COUNSEL

Estes & Hoyt, Joel C. Estes and Alban P. Silva for Petitioners.

Lloyd M. Harmon, Jr., County Counsel, Daniel J. Wallace, Chief Deputy County Counsel, and Miriam Milich, Deputy County Counsel, for Respondents.

Higgs, Fletcher & Mack and Thomas P. Sayer for Real Party in Interest.

---

## OPINION

NARES, J.—Rodney L. Hock and Michael R. Jackson (collectively, Petitioners) petition for a writ of mandate after the superior court clerk refused to file their documents substituting Estes & Hoyt, a law firm, in place of their current attorney of record, Alban P. Silva. The clerk refused to accept the filing under a local rule of court, now rule 1.11,[1] requiring "leave of court" for any "substitution and/or withdrawal" of counsel occurring after the trial setting conference.[2]

Petitioners assert a local rule cannot impose substantive requirements beyond those established by statute. Accordingly, they contend rule 1.11 is void because it conflicts with Code of Civil Procedure[3] section 284,

---

[1] Unless otherwise specified, all references to "rules" are to the San Diego County Superior Court Rules of Court.

[2] When this petition was filed local rule 10.9(e) provided: "No substitution and/or withdrawal of counsel shall be permitted after the trial setting conference without leave of court."

On January 1, 1990, this rule was renumbered as rule 1.11 which provides: "No substitution and/or withdrawal of counsel shall be permitted after the arbitration determination conference or trial setting conference without leave of Court. A follow-up conference shall be set in the presiding/supervising department within 30 days of any such order permitting withdrawal or substitution by the Judge making said order."

With respect to the issue here, rules 10.9(e) and 1.11 are indistinguishable.

[3] All statutory references are to the Code of Civil Procedure unless otherwise specified.

subdivision 1, providing an attorney may be changed "at any time . . . [u]pon the consent of both client and attorney, filed with the clerk."

County counsel has appeared on behalf of the superior court (the court). The court now concedes under section 284, subdivision 1 it has no discretion to refuse leave to file a consensual substitution of attorneys. Nevertheless, the court contends rule 1.11 is valid because it establishes only a procedure, the purpose of which is to ensure what is seemingly a consensual substitution is, in fact, consensual, and to remind the parties the substitution will not furnish grounds for a continuance.

As discussed below, we grant the petition because the language in rule 1.11 irreconcilably conflicts with section 284, subdivision 1.

### FACTS AND PROCEDURE

Petitioners are defendants in a superior court civil case. Nine months before trial, Petitioners attempted to file documents substituting Estes & Hoyt, a law firm, in place of their attorney of record, Alban P. Silva. Estes & Hoyt, Silva, and Petitioners each consented to the substitution. Citing rule 10.9(e),[4] the clerk rejected the attempted filing. Petitioners filed this petition.

County counsel filed a response for the court, asserting Petitioners had no absolute right to substitute attorneys and, therefore, rule 10.9(e) was valid because it regulated only procedure. At oral argument, county counsel abandoned that position, instead conceding the court could not refuse leave to file a consensual substitution of attorneys.[5] Counsel explained at oral argument the court adopted the rule as a procedural device to ensure the client was made aware of existing deadlines and the trial date upon substitution.

Following oral argument we requested each party file a supplemental letter brief discussing, among other issues, the challenged rule's validity and purpose. The court explained it was concerned with two problems attending substitution of attorneys. First, counsel were "routinely withdrawing" shortly before trial. The new attorney would inevitably request a continuance, adversely affecting the court's ability to maintain firm trial dates mandated by Government Code section 68608. Second, the court was concerned with unethical attorneys who were strong-arming or deceiving their clients into executing forms substituting the client in propria person "just

---

[4] See footnote 2, *ante.*
[5] See *Fracasse* v. *Brent* (1972) 6 Cal.3d 784, 790 [100 Cal.Rptr. 385, 494 P.2d 9].

prior to the scheduled trial." The court has referred to minutes of the "Fast Track Committee meeting of April 25, 1989" which state, "[I]t was the purpose of the rule [rule 1.11] to protect parties, rather than limit their ability to select counsel of their choice." The court concludes: "[Rule 1.11 is] not intended to deny a truly consensual substitution under Code of Civil Procedure section 284(1). Rather, the court's involvement is limited to determining that the client is fully aware of all impending deadlines and understands . . . *the substitution will not be a valid basis for a continuance* of the trial date. This involvement is generally accomplished by a short ex parte proceeding." The court interprets rule 1.11 to require counsel to appear ex parte and "represent . . . that a continuance will not be requested, or that the client is aware . . . that the substitution will not in itself provide a basis for continuing the trial date." The court also interprets rule 1.11 to require counsel to inform the court whether another attorney is substituting in, or whether the purported consensual substitution is, in fact, an instance of client abandonment.

## DISCUSSION

Courts may enact local rules "not inconsistent with law." (Gov. Code, § 68070.) Qualifying this fundamental principle, Government Code section 68612 provides local rules enacted by project courts under the Trial Court Delay Reduction Act of 1986 (Gov. Code, § 68600 et seq.)—Fast Track—may "impose *procedural requirements* in addition to those authorized b statute, and [with some exceptions] shorten any time specified by statute for performing an act." (Italics added.) (See *Laborers' Internat. Union etc.* v. *El Dorado Landscape Co.* (1989) 208 Cal.App.3d 993, 1003-1006 [256 Cal.Rptr. 632].)

These statutes set the analytical framework. ▮ Except to the extent it imposes procedural requirements, rule 1.11 is void if inconsistent with "law."

The court concedes that under section 284, subdivision 1—the relevant "law"—it has no discretion in a civil case to refuse to accept a consensual substitution of attorneys. Accordingly, we now turn to the challenged rule to determine whether it impermissibly conflicts with substantive law, or permissibly imposes only a procedural scheme.

The starting point is, of course, the language in rule 1.11 which states: "No substitution and/or withdrawal of counsel shall be permitted after the arbitration determination conference or trial setting conference without leave of Court. A follow-up conference shall be set in the presiding/supervising department within 30 days of any such order permitting with-

drawal or substitution by the Judge making said order. (Cross reference: Division II, Section Four, Rule 4.3.)" By its own unambiguous terms, rule 1.11 requires a court order for every change in attorneys, whether consensual or nonconsensual. "No" substitution "shall" be permitted without a court order and the court schedules a "follow-up" conference soon after "any such order permitting . . . substitution." By distinguishing between a "substitution" and a "withdrawal" and by requiring a court order for either situation, the words in the rule itself require a court order before even the most consensual substitution of one attorney for another will be allowed.

As discussed earlier, section 284, subdivision 1 prohibits the court from imposing any such requirements, making substitutions effective upon filing the appropriate document with the court clerk and notifying adverse parties under section 285. Although we have no reason to doubt the court's representation it has never denied a truly consensual substitution, the unambiguous words in rule 1.11 would permit such a result to occur. Accordingly, rule 1.11 is void.

## DISPOSITION

Petition granted.

Wiener, Acting P. J., and Work, J., concurred.