[No. B080414. Second Dist., Div. Six. Dec. 20, 1994.]

HARTFORD ACCIDENT AND INDEMNITY COMPANY, Plaintiff and Appellant, v.
SHEILA GONZALEZ, as Clerk, etc., Defendant and Respondent.

**COUNSEL**

Davis & Drum and Joel Drum for Plaintiff and Appellant.

James L. McBride, County Counsel, and Robert R. Orellana, Assistant County Counsel, for Defendant and Respondent.

**OPINION**

GILBERT, J.—An attorney wishes to file a complaint in the Ventura Municipal Court. The clerk will not accept the complaint for filing unless the attorney first submits a completed "case information sheet" required by a local court rule.

We are called upon to answer a question, universal to the legal profession, "Can they do that?"

Here we offer our answer to this weighty inquiry—"Sure."

The Hartford Accident and Indemnity Company (Hartford) appeals from the order denying its petition for writ of mandate to compel respondent, Sheila Gonzalez, as Clerk of the Ventura Municipal Court (clerk), to file its complaint without a case information sheet.

FACTS

The clerk refused to file the underlying complaint because Hartford failed to provide a case information sheet pursuant to local rule 3.10 (Mun. Ct. Ventura County).[1] The two-page case information sheet requires that the case caption and certain blanks be filled in, and that various boxes be checked. The completed sheet informs the court whether plaintiff requests: fast track, mediation, and a jury trial. It also gives the court a brief description of the nature of the case and the relief sought. Page 2 of the sheet explains that the information is requested ". . . in order that this case may

---

[1] A copy is attached to our opinion as exhibit A.

be properly managed pursuant to the Delay Reduction Rules mandated by the Legislature and the Judicial Council."

Giving due regard for the intellectual complexity of the task it imposes, it should take no longer than a few minutes to complete.

Hartford filed the instant petition to challenge the requirement of completing a case information sheet before the clerk would file its complaint. The trial court denied the petition and this appeal ensued.

## DISCUSSION

Hartford contends that because no statute specifically requires it to provide a case information sheet, the clerk may not impose such a requirement pursuant to a local rule. Local rule 3.10 states, in pertinent part, that "[n]o case shall be filed without a completed Case Information Sheet."

Hartford relies on the argument that requiring a case information sheet conflicts with Code of Civil Procedure section 412.10 which states that "[a]fter payment of all applicable fees, the plaintiff may have the clerk issue . . . summons for any defendant." In its reply brief, Hartford also asserts that requiring the case information sheet also conflicts with Code of Civil Procedure section 411.10 which states, "[a] civil action is commenced by filing a complaint with the court."

We disagree. "[O]ur primary task in construing a statute is to determine the Legislature's intent. [Citation.] 'The court turns first to the words themselves for the answer.' [Citations.]" (*Brown* v. *Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 724 [257 Cal.Rptr. 708, 771 P.2d 406]; *Laurel Heights Improvement Assn.* v. *Regents of University of California* (1993) 6 Cal.4th 1112, 1127 [26 Cal.Rptr.2d 231, 864 P.2d 502].) "Significance should be given . . . 'to every word, phrase, sentence and part of an act.' [Citation.]" (*Mercer* v. *Perez* (1968) 68 Cal.2d 104, 112 [65 Cal.Rptr. 315, 436 P.2d 315].) " '[L]egislation should be construed so as to harmonize its various elements without doing violence to its language or spirit." (*Hartford Fire Ins. Co.* v. *Macri* (1992) 4 Cal.4th 318, 326 [14 Cal.Rptr.2d 813, 842 P.2d 112].) "The literal meaning of the words of a statute may be disregarded" (*Silver* v. *Brown* (1966) 63 Cal.2d 841, 845 [48 Cal.Rptr. 609, 409 P.2d 689) if such a reading would frustrate the " 'manifest purposes' of the legislation as a whole." (*People* v. *Boyd* (1979) 24 Cal.3d 285, 294 [155 Cal.Rptr. 367, 594 P.2d 484].)

In section 4 of the Code of Civil Procedure, the Legislature provided, in pertinent part that, "its provisions, . . . are to be liberally construed, with a

view to effect its objects and to promote justice." Local rule 3.10 is meant to accomplish this objective, in accordance with the provisions of the Trial Court Delay Reduction Act. (Gov. Code, § 68600 et seq., the Act.)

Government Code section 68070, subdivision (a) provides, in pertinent part that, "[e]very court may make rules for its own government and the government of its officers not inconsistent with law or with the rules adopted and prescribed by the Judicial Council." Government Code section 68607 states that, "[i]n accordance with this article [the Act] and consistent with statute, judges shall have the responsibility to eliminate delay in the progress . . . of litigation, to assume and maintain control over the pace of litigation, to actively manage the processing of litigation from commencement to disposition, and to compel attorneys and litigants to prepare . . . all litigation without delay, from the filing of the first document invoking court jurisdiction to final disposition . . . . ."

Among other things, "[t]he judges . . . shall, consistent with the policies of this article: . . . (c) Establish procedures for early identification of cases within the program . . . ." and "(d) Establish procedures for early identification and timely and appropriate handling of cases . . . ." (Gov. Code, § 68607.)

Government Code section 68612 provides, in pertinent part that, "[j]udges shall, . . . to the maximum extent feasible develop and publish the procedures, standards and policies which will be used in the program . . . . The procedures, standards, and policies to be used in the program shall be filed, distributed, and maintained pursuant to Section 68071 [regarding local rules] and the California Rules of Court, and shall also be published for general distribution."

These sections require municipal courts to adopt and publish rules of court, such as local rule 3.10, to enable the court to reduce delay in the adjudication of cases. Other statutes require the Judicial Council to study and report the recordkeeping practices in trial courts, and to collect data relating to court administration and to the timely disposition of cases. These statutory provisions are also consistent with the adoption and implementation of local rule 3.10. (See Gov. Code, §§ 68511.4, 68513, 68603, 68604.)

■ As our Supreme Court held in *Mann* v. *Cracchiolo* (1985) 38 Cal.3d 18, 28 [210 Cal.Rptr. 762, 694 P.2d 1134], " ' "Local court rules and policies have the force of procedural statutes, so long as they are not contrary to

legislative enactments. [Citations.]" ' " In *International Union of Operating Engineers* v. *Superior Court* (1989) 207 Cal.App.3d 340, 343 [254 Cal.Rptr. 782], the Court of Appeal held it proper for ". . . local rules [to] control the timing of judicial challenges over the provisions of section 170.6 [concerning disqualification of judges for asserted bias]" even though case law seemed to require immediate challenges to judges assigned for "all purposes" to a case. (*Id.* at pp. 348-349.) The court noted that, "[t]here is no specific provision in section 170.6 about assignments to a judge for 'all purposes.' " (*Id.* at p. 348.)

■ The Legislature determined ". . . to grant wide procedural latitude to the project trial courts in their development of the rules and procedures to implement the Act." (*International Union of Operating Engineers* v. *Superior Court, supra*, 207 Cal.App.3d at p. 350.) The Act requires active judicial management to ". . . aggressively monitor and manage litigation from the filing of the first pleading until final disposition." (*Ibid.*)

Such broad authority was given to project courts to fashion local rules appropriate to carrying out the purpose of the Act, including ones imposing " '. . . procedural requirements in addition to those authorized by statute . . . .' " (*International Union of Operating Engineers* v. *Superior Court, supra*, 207 Cal.App.3d at pp. 351-352.) It is immaterial that an amendment to the Act supporting this rule was promulgated during the time that the Act was in the project stage, and that it was later repealed, because "The Legislature regarded this not as a change in the law but merely declaratory of existing law under the Act." (*Id.* at p. 352.) ■ As in *International*, the instant local rule is a procedural one consistent with the Act. The rule does not conflict with statutory provisions. (*Id.* at p. 353.)

The cases of *Hock* v. *Superior Court* (1990) 221 Cal.App.3d 670 [270 Cal.Rptr. 579] and *Iverson* v. *Superior Court* (1985) 167 Cal.App.3d 544 [213 Cal.Rptr. 399], are distinquishable from the instant case. In *Hock*, the Court of Appeal held that a local rule requiring leave of court before substitution of counsel "irreconcilably conflicts" with Code of Civil Procedure section 284. (*Hock, supra*, at p. 672.) In *Iverson*, the court of appeal held that a local rule which requires motion papers to be filed at least five court days before hearing is inconsistent with Code of Civil Procedure section 1005 which just requires filing five (calendar) days in advance of a hearing. (*Iverson, supra*, at pp. 546, 548.)

Accordingly, the order is affirmed. Costs to respondent.

Stone (S. J.), P. J., and Yegan, J., concurred.

APPENDIX

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address):* | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| | | ˉˉ 30 |
| ATTORNEY FOR *(Name):* | | |
| NAME OF THE COURT: | | |
| STREET ADDRESS: | | |
| MAILING ADDRESS: | | |
| CITY AND ZIP CODE: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **CASE INFORMATION SHEET** | | CASE NUMBER |

1. CASE TYPE CATEGORY: *(If multiple counts, select principal count.)*
 ☐ Unlawful Detainer ☐ Contracts
 ☐ Collections ☐ Negligence/Personal Injury/Wrongful Death
 ☐ Bills and Notes ☐ Automobile Negligence
 ☐ Subrogation ☐ Products Liability
 ☐ Other: _____ ☐ Uninsured Motorist

2. TRACK ASSIGNMENT REQUESTED:
 ☐ Unlawful Detainer – Case to be completed within 90 days.
 ☐ Expedited – Case to be set for trial within 90 days.
 ☐ Economic Litigation Case Municipal Court – Case to be completed within 1 year.
 ☐ Standard (Superior Court) – Case to be completed within 1 year.
 ☐ Complex – Time limits determined by judge.

3. MEDIATION INFORMATION *(Case description)*
 a. ☐ Neighbor to Neighbor Dispute ☐ Sexual Harassment
 ☐ Homeowners' Association and CC&R Dispute ☐ Employment Dispute
 ☐ Business/Partnership Dispute and/or Dissolution Dispute ☐ Discrimination
 ☐ I Volunteer for Mediation. Dispute is not included in above ☐ Code Enforcement Dispute
 OR
 b. ☐ Dispute is NOT included in the above.
 c. I have engaged in voluntary mediation within the past 90 days.
 Date of Mediation:_____ Mediator's Name and Address: _____

4. JURY-TRIAL DEMANDED: ☐ Yes ☐ No ESTIMATED TRIAL TIME:_____

5. Is this action related to any other action pending in any other court? ☐ Yes ☐ No
 If "yes", a. Court in which action is pending _____
 b. Title of action _____ c. Case number _____

NOTE: *Reverse side of this form must be completed in full.*

**FOR COURT USE ONLY**

Case Track: ☐ U.D. ☐ Expedited ☐ Economic ☐ Standard ☐ Complex ☐ U.M.

Event Date:_____

Date: _____ _____
 CLERK

SMC-700 (Rev. 1/99) **CASE INFORMATION SHEET**

# EXHIBIT A

Page ___ of ___

31

**NOTICE TO PLAINTIFFS:** The Court requires that the following information be provided in order that this case may be properly managed pursuant to the Delay Reduction Rules mandated by the Legislature and the Judicial Council.

1. Set forth a concise statement of the nature of the case.

2. Give a concise description of the injury, damages and/or loss the Plaintiff claims to have suffered.

3. List all general and special damages claimed, including but not limited to, medical expenses (past and future), loss of earnings, property damages, and any other specific monetary damages that apply in your particular case.

4. Set forth any equitable relief sought by Plaintiff.