Filed 1/12/24  Taylor v. Mercado CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (San Joaquin)

----

| | |
|---|---|
| LATANYA TAYLOR, | C097322 |
| Plaintiff and Appellant, | (Super. Ct. No. STK-CV-UAT-2020-0006460) |
| v. | |
| JESUS HUERTA MERCADO, | ORDER MODIFYING OPINION AND DENYING REHEARING |
| Defendant and Respondent. | [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the nonpublished opinion filed herein on December 19, 2023, be modified as follows:

1. Delete the last three sentences of the last paragraph on page 11, beginning with "Finally, although not specifically discussed by the trial court . . ." through the sentence ending on page 12 with "the loss of his testimony is prejudicial," so the paragraph now reads:

   The trial court also found allowing plaintiff to file the Doe amendment so close to the November 7, 2022, trial date would "significantly prejudice Defendant" because it "would result in a delay of trial, along with loss of critical evidence,

1

added cost of preparation, increased burden of discovery, etc." Plaintiff argues this prejudice is too "speculative" and "insubstantial" to support the trial court's finding. It is neither. If plaintiff had been permitted to substitute Hoffman for Doe 1 on September 26, 2022 — which was less than six weeks before the November 7, 2022, trial date — the trial would have needed to be continued. This would have been the second continuance (the trial date was initially set for June 27, 2022, but it was continued when plaintiff retained new counsel). Continuing the trial would result in a concomitant increase in the cost of preparing for trial, because defendant's counsel stated she was "ready to go" to trial as scheduled, and she would need to get ready again if trial were continued.

There is no change in the judgment.

Appellant's petition for rehearing is denied.

BY THE COURT:


<u>           /s/           </u>
EARL, P. J.



<u>           /s/           </u>
KRAUSE , J.



<u>           /s/           </u>
KEITHLEY, J.*

---

*        Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 12/19/23  Taylor v. Mercado CA3 (unmodified opinion)

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| LATANYA TAYLOR, | C097322 |
| Plaintiff and Appellant, | (Super. Ct. No. STK-CV-UAT-2020-0006460) |
| v. | |
| JESUS HUERTA MERCADO, | |
| Defendant and Respondent. | |

Code of Civil Procedure section 474[1] provides, "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, . . . and such defendant may be designated . . . by any name, and when his true name is discovered, the [complaint] must be amended accordingly."  Case law teaches that "unreasonable delay in filing an amendment after actually acquiring . . . knowledge [of a defendant's name]

---

[1]     Undesignated statutory references are to the Code of Civil Procedure.

can bar a plaintiff's resort to the fictitious name procedure" outlined in section 474. (*Barrows v. American Motors Corp.* (1983) 144 Cal.App.3d 1, 8.)  In this case, plaintiff LaTanya Taylor filed a personal injury complaint naming 10 "Doe" defendants.  When she later filed an amendment to the complaint substituting the true name of one of those Doe defendants, the trial court struck the amendment on the ground that she knew his identity when the complaint was filed.  Alternatively, the trial court found plaintiff knew the defendant's identity by the time her deposition was taken, but she unreasonably waited over a year to file the amendment.  Plaintiff appeals and we affirm based on the trial court's alternative finding that plaintiff unreasonably delayed in filing the amendment.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 3, 2020, plaintiff filed a personal injury complaint against defendant Jesus Huerta Mercado for alleged negligence arising out of a two-car collision that occurred on August 15, 2018, near the entrance to a mobile home park where plaintiff and defendant both lived.  Plaintiff alleged defendant was negligently operating a motor vehicle when he collided with her vehicle, causing her bodily injury and economic and noneconomic damages.  Plaintiff also named Does 1 through 10 as defendants, and alleged they were "legally responsible in some manner . . . for the incident that is the subject of this [c]omplaint," she did not know their true names and capacities, and she would amend the complaint to allege their true names and capacities when they were ascertained.  She also alleged "DOES 1 through 5 . . . negligently hired, trained, and/or supervised Defendants . . . DOES 6 through 10 in such a fashion as to cause and/or contribute to the occurrence of the incident described herein."

On September 8, 2022, a little over two years after the complaint was filed, plaintiff's counsel asked defendant's counsel if she would stipulate to amending the complaint to designate the true names of two Doe defendants.  Plaintiff's counsel stated he wanted to name the manager and the owner of the mobile home park where the

2

accident occurred. Plaintiff's theory of liability as to the manager was that his vehicle was parked in a nondesignated parking space too close to the entrance to the mobile home park, and his vehicle "thus impinged on inbound traffic to the [park] — causing [defendant] Mr. Mercado to turn wide right to enter the [park]," which contributed to the accident. Her theory of liability as to the owner was that there was a "failure to proper[l]y hire/supervise/train the manager."

Defendant's counsel responded that she would oppose any attempt to add new defendants on the grounds that plaintiff knew the identities of the manager and the owner when the complaint was filed, and adding them at such a late date would prejudice defendant.

Plaintiff's counsel responded that he only learned the identity of the mobile home park's "actual operator" in August 2022, and he believed "a Doe amendment, Motion to Re-Open Discovery, and Motion to continue the Trial Date are appropriate."

Defendant's counsel reiterated that she objected to the late attempt to add two new defendants. She stated she also objected to re-opening discovery and continuing the trial "at this late stage of the litigation," and she noted, "We have a trial date [November 7, 2022,] and have been ready to go since May."

On September 26, 2022, plaintiff filed amendments to the complaint substituting Robert "Cody" Hoffman (the park's owner) for Doe 1, and Ron Lee Randall (the park's manager) for Doe 6.[2]

On October 11, 2022, defendant filed a motion to strike the Doe amendments, arguing plaintiff knew who Hoffman and Randall were at the time she filed the complaint, and the amendments were thus improper under section 474. Defendant also

---

[2] It is not clear whether Hoffman was ever served with the complaint. Randall died in May 2022, before the Doe amendment was filed, and we thus presume he was never served.

3

argued plaintiff unreasonably delayed in filing the Doe amendments and this delay was prejudicial because the case had been pending for over two years; it was originally set for trial on June 27, 2022, but that date had already been continued once, to November 7, 2022, after plaintiff retained new counsel; and the amendment "is merely a tactic to delay trial" because plaintiff's new counsel was not prepared. Defendant supported the motion with excerpts from the transcript of plaintiff's deposition, which was taken on June 25, 2021. The transcript shows plaintiff knew at the time of the accident that Randall was the manager of the mobile home park, that his SUV was parked in a no parking area on the day of the accident, and that defendant had to turn wide to avoid the SUV when he entered the parking lot, which contributed to the accident. The transcript also shows plaintiff knew at the time her deposition was taken that the mobile home park was owned by someone named "Cody" who lived in Oregon, and whose last name she did not know. Plaintiff testified she had talked to the owner "about ten days ago" about "a problem" she had with the manager "stealing and calling [her] names and . . . fighting with [her]," and "the owner said he would try to resolve the problem." She was asked whether that was the only time she had ever talked to the owner about the problem, and she responded, "No. I talked to him last year when he was here about the problem."

Plaintiff opposed the motion, claiming she only learned who the mobile home park's "operator" was on August 22, 2022, and the amendment was filed approximately one month later. She argued "the Owner of a business is not necessarily the operator of a business — and only the operator of a business can be held liable for the day to day decisions of management." Her attorney filed a declaration in support of the opposition stating, "The identity of the actual operator and the business structure of the [mobile home park] was only learned on **8/22/22** upon review of an Arizona bankruptcy case, revealing a business operated by just one individual person and yielding the identity of **the sole operator of the [park]:  Robert Hoffman, aka Cody Hoffman**." Two pages from an order in the bankruptcy case were attached to the attorney's declaration, and they

4

show the debtor was named Paul L. Bruno, the estate owned a 50 percent interest in a piece of real property operated as a mobile home park, and "[t]he other 50% is owned by Cody Hoffman ('Mr. Hoffman'), and Mr. Hoffman is the manager and operator of the mobile home park."

The trial court granted the motion to strike. It found the Doe amendments were improper because plaintiff knew the identities of Hoffman and Randall when she filed her complaint, and her use of the fictitious name procedure was thus improper. In particular, the trial court found plaintiff knew when the complaint was filed that Hoffman owned the mobile home park, and she had complained to Hoffman about issues regarding the park. Plaintiff also knew when the complaint was filed that Randall managed the park, he regularly parked his SUV in a no parking zone near the entrance to the park, his SUV was parked in the no parking zone near the entrance to the park at the time of the accident, and defendant made a wide turn to avoid the SUV when he entered the park. Alternatively, the trial court found that, even if plaintiff did not know the identities of Hoffman and Randall when the complaint was filed, it was "crystal clear" she knew their identities when her deposition was taken on June 25, 2021, but she unreasonably delayed by waiting 15 months to file the Doe amendments, and allowing the amendments on the eve of trial would significantly prejudice defendant. Finally, the trial court found that whether Hoffman was the "owner" or the "operator" of the mobile home park was "a distinction without a difference because: Plaintiff knew the owner of the mobile home park was Cody; Plaintiff had made prior complaints to Cody about issues at the mobile home park; and finally the Doe 1 Amendment is to add Cody, the same person. Here the owner and the operator were the same person."

5

An order granting the motion to strike was entered October 20, 2022, and plaintiff filed a timely notice of appeal.[3]  In her appellate briefs, plaintiff now acknowledges she had sufficient information when the complaint was filed to name Randall, and she states she thus only appeals that portion of the order striking the amendment substituting Hoffman for Doe 1.  We thus do not discuss the amendment substituting Randall for Doe 6.

## DISCUSSION

### A.     Relevant Law and Standard of Review

Section 474 provides, "When the plaintiff is *ignorant of the name of a defendant*, he must state that fact in the complaint, . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly."  (Italics added.)  "Section 474 allows a plaintiff who is ignorant of a defendant's identity to designate the defendant in a complaint by a fictitious name (typically, as a 'Doe'), and to amend the pleading to state the defendant's true name when the plaintiff subsequently discovers it."  (*McClatchy v. Coblentz, Patch, Duffy & Bass, LLP* (2016) 247 Cal.App.4th 368, 371.)  "The phrase 'ignorant of the name of a defendant' is broadly interpreted to mean not only ignorant of the defendant's identity, but also ignorant of the facts giving rise to a cause of action against that defendant."  (*Fuller v. Tucker* (2000) 84 Cal.App.4th 1163, 1170 (*Fuller*).)  Thus, "it is now well established that even though the plaintiff knows of the existence of the defendant sued by a fictitious name, and even though the plaintiff knows the

---

[3]     "Generally, only final judgments may be appealed."  (*Safaie v. Jacuzzi Whirlpool Bath, Inc.* (2011) 192 Cal.App.4th 1160, 1167.)  There are exceptions to this rule, however, and one exception, known as the "death knell doctrine," permits appeal from an order that effectively ends the case.  (*Id.* at p. 1168.)  Presumably, plaintiff contends the trial court's order striking the Doe amendment has effectively ended her case against Hoffman.  Defendant does not address appealability.

defendant's actual identity (that is, his name), the plaintiff is 'ignorant' within the meaning of the statute if he lacks knowledge of that person's connection with the case or with his injuries." (*General Motors Corp. v. Superior Court* (1996) 48 Cal.App.4th 580, 593-594.) The relevant inquiry under section 474 is what the plaintiff actually knew when the complaint was filed, not what the plaintiff should have known. (See *Hahn v. New York Air Brake LLC* (2022) 77 Cal.App.5th 895, 900.) Section 474 applies " 'when [the plaintiff] is actually ignorant of a certain fact, not when he might by the use of reasonable diligence have discovered it. Whether his ignorance is from misfortune or negligence, he is alike ignorant, and this is all the statute requires.' " (*General Motors Corp., supra*, at p. 592.)

"[S]ection 474 includes an implicit requirement that a plaintiff may not 'unreasonably delay' his or her filing of a Doe amendment after learning a defendant's identity." (*A.N. v. County of Los Angeles* (2009) 171 Cal.App.4th 1058, 1066-1067.) "[U]nreasonable delay in filing an amendment after actually acquiring such knowledge can bar a plaintiff's resort to the fictitious name procedure." (*Barrows v. American Motors Corp., supra*, 144 Cal.App.3d at p. 8.) Unreasonable delay "includes a prejudice element, which requires a showing by the defendant that he or she would suffer prejudice from plaintiff's delay in filing the Doe amendment." (*A.N., supra*, at p. 1067.)

When reviewing the trial court's order granting a motion to strike a Doe amendment, "To the extent the trial court drew legal conclusions, we review the conclusions de novo. To the extent that the trial court made factual findings, we review them to determine if they are supported by substantial evidence." (*Fuller, supra*, 84 Cal.App.4th at p. 1169; see also *Balon v. Drost* (1993) 20 Cal.App.4th 483, 487.)

7

**B.** **Analysis**

**1.** ***The evidence does not support the finding that plaintiff's use of section 474 was improper in the first instance.***

Plaintiff could only avail herself of the fictitious name procedure outlined in section 474 if she was actually ignorant of the owner's identity or of facts giving rise to a cause of action against him when the complaint was filed. In granting the motion to strike, the trial court found the Doe amendment was improper because plaintiff knew that "Cody" owned the mobile home park when the complaint was filed, and she had made complaints to him both "before and after" the accident regarding issues at the mobile home park. Although the evidence does support the finding that plaintiff had complained to Hoffman after the accident, it does not establish she had done so by the time the complaint was filed, and the " 'relevant inquiry' " under section 474 is *what did plaintiff know* " '*at the time the original complaint was filed*.' " (*Fuller, supra*, 84 Cal.App.4th at p. 1170, italics added.)

The accident occurred on August 15, 2018, and the complaint was filed on August 3, 2020. The only evidence defendant proffered in support of his motion was excerpts from the transcript of plaintiff's deposition, which was taken on June 25, 2021. During her deposition, plaintiff testified the owner of the mobile home park was a man named "Cody," she did not know his last name, and he lived in Oregon. She testified she had talked to the owner "about ten days ago" (i.e., around June 15, 2021) about "a problem" she had with the mobile home park's manager, his daughter, and his ex-wife. Plaintiff was asked if that was the only time she had talked to the owner, and she responded, "No. I talked to him last year [i.e., sometime in 2020] when he was here about the problem." It does not appear the problem had anything to do with the accident. Instead, plaintiff testified the problem was that the manager and/or his family were "stealing and calling me names and . . . fighting with me." Plaintiff testified the owner said he would try to resolve the problem. That is the extent of plaintiff's testimony about

8

the owner. This testimony does not establish that plaintiff knew who the owner was or that she had complained to him about the manager when the accident occurred in 2018. It also does not establish that she knew who the owner was or that she had complained to him about the manager when the complaint was filed on August 3, 2020. The only thing it establishes is that by some unspecified date in 2020 (i.e., "last year"), she knew a man named Cody owned the mobile home park and she had talked to him about a problem with the manager — but it is entirely possible this occurred *after* the complaint was filed (i.e., plaintiff could have talked to Hoffman sometime between August 4 and December 31, 2020).

The trial court's finding that plaintiff knew the owner's identity and had complained to him about issues at the mobile home park at the time the complaint was filed, and its related finding that the Doe amendment was thus "improper," are thus not supported by the evidence.

### 2. *The evidence does support the finding that plaintiff unreasonably delayed filing the Doe amendment, resulting in prejudice to defendant.*

This leaves the trial court's alternative finding that plaintiff was barred from using the fictitious name procedure because (1) she knew the owner's identity and had complained to him by the time her deposition was taken on June 25, 2021; (2) she waited until September 26, 2022, to file the amendment substituting his name for Doe 1; (3) this 15-month delay was unreasonable; and (4) allowing the amendment would prejudice defendant. We conclude that all of these findings are supported by the evidence.

As recounted above, plaintiff testified at her deposition that she had talked to the owner at least twice about problems involving the manager, and the owner had stated he would try to resolve the problems. Plaintiff argues, however, that even though she knew the owner's identity by the time her deposition was taken, she did not yet have actual knowledge "of the facts giving rise to a cause of action against" him. (*Fuller, supra*, 84 Cal.App.4th at p. 1170.) Given the evidence before the trial court, we disagree.

9

In determining *when* plaintiff had knowledge of the facts giving rise to a claim against the owner, we must first identify the theory of that claim. (*General Motors Corp. v. Superior Court, supra*, 48 Cal.App.4th at p. 597.) Plaintiff's theory of liability as to the owner is that he negligently hired, supervised, or retained the manager. Plaintiff attached a copy of CACI No. 426 to her opening brief — the jury instruction on "Negligent Hiring, Supervision, or Retention of Employee" — and she refers to her claim against Hoffman as "a CACI 426 claim." One element of such a claim is that the employer's negligence in hiring, supervising, or retaining an employee was a substantial factor in causing the plaintiff's harm. (CACI No. 426.) In her briefs, plaintiff focuses on when she learned that Hoffman "made hiring, supervision, and retention decisions" for the mobile home park, because that is one of "the facts needed to prove a CACI 426 theory." She argues that simply knowing Hoffman was "an owner" is not the same as knowing he was responsible for making such decisions. She notes an owner could include the shareholder of a corporation, or someone who owns real property and leases it to another company to run a business thereon, and she argues that in both of these cases the owner would not be responsible for hiring, supervision, or retention decisions. She claims she first learned that Hoffman "was ultimately responsible for operating the business where the collision occurred" on August 22, 2022, when her attorney discovered the bankruptcy filing that states Hoffman "is the manager and operator of the mobile home park."

The trial court found that whether Hoffman was an owner or an operator is "a distinction without a difference" in this case, and we agree. Plaintiff testified at her deposition that she had spoken to Hoffman at least twice about a problem she was having *with the manager*, and Hoffman stated he would try to resolve the problem. This evidence is sufficient to show plaintiff knew by the time her deposition was taken that Hoffman was responsible for resolving problems involving the manager, and we thus agree with the trial court's finding that, as of June 25, 2021, she had actual knowledge of

10

both the owner's identity, and the facts giving rise to a cause of action against him for negligent hiring, supervision, or retention of the manager.

As noted above, "section 474 includes an implicit requirement that a plaintiff may not 'unreasonably delay' his or her filing of a Doe amendment after learning a defendant's identity." (*A.N. v. County of Los Angeles, supra*, 171 Cal.App.4th at pp. 1066-1067.) Plaintiff filed the Doe amendment on September 26, 2022, 15 months after her deposition was taken. The trial court found this delay was unreasonable, and we find no abuse of discretion in that finding. (See *id*. at pp. 1064, 1067 [trial court's decision that the plaintiff "could not avail himself of the Doe amendment procedure authorized by section 474 because he had unreasonably delayed in filing the Doe amendments" "will not be disturbed absent a showing that the trial court abused its discretion"].) This is particularly true where, as here, plaintiff testified she spoke to "Cody" about problems with the manager sometime in 2020 — which would make the delay even longer than 15 months.

The trial court also found allowing plaintiff to file the Doe amendment so close to the November 7, 2022, trial date would "significantly prejudice Defendant" because it "would result in a delay of trial, along with loss of critical evidence, added cost of preparation, increased burden of discovery, etc." Plaintiff argues this prejudice is too "speculative" and "insubstantial" to support the trial court's finding. It is neither. If plaintiff had been permitted to substitute Hoffman for Doe 1 on September 26, 2022 — which was less than six weeks before the November 7, 2022, trial date — the trial would have needed to be continued. This would have been the second continuance (the trial date was initially set for June 27, 2022, but it was continued when plaintiff retained new counsel). Continuing the trial would result in a concomitant increase in the cost of preparing for trial, because defendant's counsel stated she was "ready to go" to trial as scheduled, and she would need to get ready again if trial were continued. Finally, although not specifically discussed by the trial court, we note the delay also resulted in

11

the loss of critical evidence — namely, Randall's testimony, because Randall died on May 9, 2022, 11 months after plaintiff's deposition was taken. Had plaintiff not unreasonably delayed in filing the Doe amendment, Randall's testimony could have been preserved. Given plaintiff's claim that the accident was caused because Randall parked his SUV in a no parking area near the entrance of the mobile home park, the loss of his testimony is prejudicial.

In conclusion, we find the trial court did not abuse its discretion in finding plaintiff unreasonably delayed in filing the Doe amendment, and that this delay was prejudicial.

## DISPOSITION

The order granting the motion to strike is affirmed. Defendant shall recover his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

/s/
EARL, P. J.

We concur:

/s/
KRAUSE, J.

/s/
KEITHLEY, J.[*]

---

[*] Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

12